**Exhibit I**



TRANSPERFECT

City of New York, State of New York, County of New York

I, Mamiko Taniguchi, hereby certify that the following is, to the best of my knowledge and belief, within the given parameters, a true and accurate translation of "Market Oversight Regulation" from Korean into English.

Mamiko Taniguchi

Sworn to before me this

Friday, February 27, 2015

Signature, Notary Public

LEAH RAE TALLMAN
Notary Public - State of New York
No. 01TA6295072
Qualified in New York County
Commission Expires Dec 30, 2017

Stamp, Notary Public
State of New York



# Market Oversight Regulation

*Formulated on January 21, 2005; No. 14*
*Amended on November 24, 2006; No. 203*
*Amended on July 20, 2007; No. 269*
*Amended on October 12, 2007; No. 290*
*Amended on September 12, 2008; No. 364*
*Amended  on January 28, 2009; No. 815*
*Amended on September 13; No. 949*

# CHAPTER I. GENERAL PROVISIONS

## §1. Purpose

The purpose of this Regulation is to stipulate the matters necessary for the market surveillance, investigation into abnormal trading activities, member inspection, inter-market surveillance, and the disciplinary actions taken against the members or their officers and employees according to the outcome thereof pursuant to [§403] of the Financial Investment Services and Capital Markets Act (hereinafter referred to as "the Act") (Amended on November 24, 2006; January 28, 2009)

## §2. Definitions

(1) The term "abnormal trading" in this Regulation shall mean the abnormal trading pursuant to [§355] of the Enforcement Decrees of the Act, including the trading in which the price or trading volume of securities or exchange-traded derivative products (hereinafter referred to as an " issue") traded in the securities markets (including the case where the trading of listed-securities is intermediated according to [§78] of the Act) or the Derivatives Market (hereinafter referred to as "the Markets") show noticeable fluctuation.

(2) The term "market surveillance" in this Regulation shall mean monitoring and analyzing the buying and selling of securities and exchange-traded derivative products (hereinafter referred to as "the trading") in the Markets, the status of orders and quotations for such trading or the associated reports, disclosures, rumors, news, etc. (hereinafter referred as "the rumors and etc."). (Amended on January 28, 2009)

(3) The term "investigation" in this Regulation shall mean the task of determining if the trading of an issue suspicious of abnormal trading (hereinafter referred to as "the issue suspicious of abnormal trading") or the order or quotation placed for such trading is a case of  unfair trading practices, including the violation of [§147, §172 through §174, §176, §178 and §180] of the Act. (Amended on November 24, 2006; January 28, 2009)

(4) The term "inspection" in this Regulation shall mean the in-depth examination of business reports, financial status, account books and other documents and materials of the members in order to ascertain that the members comply with the regulations governing the business of the Korea Exchange (hereinafter referred to as "the Exchange")

(5) The term "inter-market surveillance" in this Regulation shall mean the market surveillance, investigation and inspection related to the linked trading.

(6) The term "members" in this Regulation shall mean the members pursuant to each Item of [§3(1)] of the Membership Regulation of the Exchange.

(7) The term "futures trading" in this Regulation shall mean the trades coming under [§5(1)1] of the Act, which are conducted in the Derivatives Market in accordance with the principles and methods stipulated in the Derivatives Market Business Regulation.

(8) The term "options trading" in this Regulation shall mean the trades coming under [§5(1)2] of the Act, which are conducted in the Derivatives Market in accordance with the principles and methods stipulated in the Derivatives Market Business Regulation.

(9) The term "linked trading" in this Regulation shall mean the trades conducted linking two (2) or more securities issues, contracts of exchange-traded derivatives or securities issue and contract of exchange-traded derivatives, of which their prices are correlated.
(10) The term "surveillance staff" in this Regulation shall mean the employees of the Exchange, who perform the tasks of market surveillance, investigation, inspection or inter-market surveillance. (

(11) Other terms used in this Regulation shall be defined as they are defined  in the Act and the regulations governing the business of the Exchange. (Amended on January 28, 2009)

**CHAPTER II. MAINTENANCE OF THE MARKET RELIABILITY**

**Section I. Obligation to Uphold the Fair Trade System**

### §3. Prohibited Activities of Members

A member or its officers and employees shall not undertake the activities that correspond to any of the following items: (Amended on November 24, 2006; January 28, 2009)

1. Practices that pursue the benefit for itself or a third party, such as utilizing the order information of customers or placing quotations (including the orders; the same hereinafter) before processing the concerned orders of customers;

2. In connection with the trades carried out in the Markets, practices that directly or indirectly offer a customer financial benefits, including the compensation of loss or commission fees or transfer of profit or loss of customers without a justifiable reason;

3. Practices that result in profit or avoidance of loss by selling (buying) the concerned issues after having explicitly or implicitly recommended to buy (sell) a specific issue, or by explicitly or implicitly recommending to buy (sell) the concerned issue after having bought (sold) a specific issue;

4. Practices that set off an excessive speculative trading of the administrative issues, investment alert issues, investment caution issues, investment risk issues or issues with a small number of issued shares or negotiable shares;

5. Practices of conducting a trade using a customer's account without receiving an entrustment of orders from the customer or requesting the customer to approve such trade afterward;

6. Practices in which, although a member is aware of the facts that may have significant influence on the value of a security, without informing the customers of such facts, the member sells that security held by him/her or third party after recommending a customer to purchase it, or the member purchases that security after recommending a customer to sell it or let the customer sell it to a third party;

7. Practices of using information gained in the course of business for the purpose of gaining profits for itself or a third party;

8. Practices stipulated in Items 1, 3 and 6 that are related to linked trading;

and

9. Any other practices that may undermine the investor protection or Market reliability.

## §4. Prohibition of Activities that Undermine the Fair Trade System

(1) The members or their officers and employees shall not undertake the activities that correspond to any of the following items (Amended on November 24, 2006; January 28, 2009):

1. With regard to the quotations participating in the determination of specific prices such as the opening price, the highest price, the lowest price and the closing price, the practices that bring about the rise/fall or fixation/stabilization of price by submitting quotations continually or sequentially;
2. The practices of extensive submission of the quotations that participate in the determination of the price by way of single price individual auction such as the opening price of an initially listed issue;
3. Practices of block trading after raising /lowering or fixing/stabilizing the market price;

4. Practices of trading or submitting quotations for a specific issue excessively in view of the demand-and-supply in the Markets, which could raise a concern about having an adverse influence on the market price or causing a misunderstanding on the market price;
5. Practices of causing an adverse influence on the market or causing such a concern by submitting a large number of quotations that are unlikely to be matched or quotations of which prices are same as or similar to the most recent price or best quotation price, and then making repeated correction/cancellation of concerned quotations;

6. Practices of submitting the quotations with the same price, by dividing them into several small quantities, for a fixed period, thus unfairly influencing the market price or quantity allocation or causing a concern about unfair influence on the market price;

7. Practices of submitting quotations at the market closing time for the purpose of fixing the closing price of day as the highest or the lowest price of day or bring it closer thereto;

8. Practices of, after continually acquiring a share at a high (low) price during the day or a specific period, selling it at a lower (high) price or practices of repeating the trade at the same price; (
9. Practices of matched sale that has no intention of acquiring or disposing a share or wash sale that does not intend to transfer the title;

10. Practices of spreading rumors, etc. about an issue to change the market price and other matters ;

11. Practices that unfairly influence or may unfairly influence the market price, by submitting quotations that participate in the determination of expected execution price or expected execution quantity; and

12. Any other practices that undermine the fair trading system or diminish the credibility of the market.

(2) In connection with the linked trading, the members or their officers and employees shall not carry out the activities that correspond to any of following items: (Amended on November 24, 2006; January 28, 2009)

1. For the purpose of gaining profit or avoiding loss, the practices of conducting a wash sale or placing a matched order by a party who holds the issue of securities or exchange-traded derivatives on either side of trade.

2. For the purpose of swaying other investors to trade the issues held, the practices of changing the price of issue by trading a different issue or spreading rumors about a different issue, by a member who holds an issue on one side of trade among the issues of securities or exchange-traded derivatives being traded;

3. For the purpose of gaining profit or avoiding loss of self or a third party , the practices of intentionally changing or fixing the price difference between another issue and the issue held, by a member who holds the issue on one side of trade among the issues of securities or exchange-traded derivatives being traded;
4. After having recommended a specific issue of securities as having investment merits, the practice of trading the exchange-traded derivatives contracts based on such recommendation for the purpose of gaining profit or avoiding loss; or after having accumulated the open interests of exchange-traded derivatives contracts, recommending to sell or buy the related securities on the basis of such recommendation for the purpose of gaining profit or avoiding loss from the concerned open interests;
5. The practices of having an influence on the settlement of futures trade, option exercise in options trade (including the buying or selling that offsets the open interests before the last trading day) or price of securities by changing or fixing the price of security or exchange-traded derivative contract;

6. The practices of favorably influencing or obstructing the allotment of option exercise in options trade by fixing or changing the price of security or exchange-traded derivative contract being traded; (
7. The practices that lead to the calculation of favorable margin for futures

or options trade (including the customer margin specified in the Derivatives Market Business Regulation) by changing or fixing the price of security or exchange-traded derivative contract being traded;

8. The practices of unfairly influencing or having a possibility of unfairly influencing the price, after having accumulated a large quantity of open interests of exchange-traded derivative contract, by submitting a large quantity of quotations for security issue, which are unlikely be matched, for the purpose of gaining profits or avoiding loss from such open interests, or submitting a large quantity of quotations for security issue, which have the same prices as the most recent market price or the best quotation price or the prices similar thereto;

9. The practices of gaining illegal profit in the futures or options trade, by submitting quotations participating in determination of expected execution price or expected execution volume of security issue; and

10. In addition to Items 1 through 9, in connection with linked trading, the practices that undermine the fair trading system or diminishes the credibility of the market.

(3) The members or their officers and employees shall not recommend the practices corresponding to any Items of Para.(1) or any Items of Para.(2) to any customer or shall not receive any entrustment corresponding to such practices. (Amended on January 28, 2009)

## Section II. Preventative Actions Against Unfair Trading

### §5. Preventative Actions of the Market Oversight Commission

(1) To maintain the fair trade system and protect the investors, the Market Oversight Commission (hereinafter referred to as "the Commission") may undertake the preventative actions against unfair trading practices conducted by members, listed corporations or professional investors. (Amended on January 28, 2009)

(2) The Commission, when it is deemed necessary for the prevention of unfair trading practices, may request the concerned member to undertake preventative measures in writing (including the electronic document in accordance with the Act on Promotion and Communications Network Utilization and Information Protection, etc.; the same hereinafter) or over the telephone (hereinafter referred to as "the request for preventative measures"). (Amended on November 24, 2006; January 28, 2009)

(3) [Deleted on March 7, 2012]

(4) The Commission shall stipulate the matters necessary for the preventative actions against unfair trading practices, including the request for preventative measures pursuant to Paras.(1) & (2), in the Enforcement Rules of this Regulation (hereinafter referred to as the "Enforcement Rules"). (Amended on November 24, 2006; July 20, 2007; January 28, 2009; March 7, 2012)


### §5-2.  Designation as and Publication of Investment Caution Issue, etc.

(1)    To prevent unfair trading practices and protect the investors, the Commission may designate the stocks and the securities corresponding to any of the following items, which are specified in the Enforcement Rules, as an investment caution issue and publish such a fact:

    1.  Issue traded intensely by a few branch offices;

    2.  Issue traded intensely through a few accounts; and

    3.  Any other issues that need to be brought to investor's attention, which is stipulated in the Enforcement Rules.

(2)   The Commission shall stipulate the matters that are necessary for the designation as and publication of investment caution issue pursuant to Para.(1).

[Enacted March 7, 2012]


### §5-3. Designation and Publication of Investment Alert Issue and Investment Risk Issue, etc.

(1) For the prevention of unfair trading and investor protection, the Commission may designate and publish the stock and the securities specified in the Enforcement Rules, of which the price (referred to as "the price" hereinafter this Article) surges for a fixed period, as investment alert issue. (Amended on January 28, 2009)

(2) In case where the price surges again within a given period of time after having been designated as investment alert issue or released from such designation, the Commission may designate and publish the concerned issue as investment risk issue.

(3) In case of coming under any of the following items, the Commission may request the concerned Market to suspend the trading of concerned issue for a fixed period of time;   (Amended on March 7, 2012)

    1.  Cases where the issue price surges again after having been designated as an investment alert issue;

2.  Cases of having been designated as an investment risk issue; and

3.   Cases where the issue price continues to surge after having been designated as an investment risk issue.

(4) Notwithstanding Paras.(1) through (3), when it is deemed that the designation as investment caution issue or investment risk issue or the trade suspension is clearly inappropriate, the Commission may not make such designation or request the trade suspension.

(5) The matters necessary for the designation as investment caution issue or investment risk issue, prior notice for and exception to such designation and release from such designation, and request for trade suspension shall be stipulated in the Enforcement Rules.
[Enacted July 20, 2007]


## §6. Preventative Actions of Members

(1) For the purpose of preventing unfair trading practices, the members shall operate an in-house computer system (hereinafter referred to as "the monitoring system") that is capable of monitoring and analyzing the details of orders, quotations, trade execution, etc. In this case, the members shall observe the operating standards and the matters to be watched closely by the monitoring system, which are recommended by the Commission.

(2) The members shall notify the details of findings through the monitoring system and the outcomes of actions taken thereafter to the Commission by the 10th day (in case where it is a public holiday pursuant to the Regulation on Government and Public Offices Holidays or Saturday, it shall be postponed to the next trading day; the same hereinafter) of the month following the end of each quarter. (Amended on November 24, 2006; January 28, 2009))

(3) The Commission may make the recommendations on the matters necessary for the in-house monitoring activities of the member, including the matters relating to the operation of monitoring system, and in this case, the member shall incorporate such recommendations of the Commission in the internal control standards, provided that there are no special reasons to do otherwise.

(4) The Commission may provide the technical support or advice that is necessary for the operation of monitoring systems of the members.

(5) In case where as a result of preventative action, including the operation of the monitoring system pursuant to Para.(1), an entrustment of order has been turned down because it came under [§4(3)], [§84(1) & (2)] of the KOSPI Market Business Regulation, [§40(1) & (3)] of the Kosdaq Market Business Regulation

and [§124(3)] of the Derivatives Market Business Regulation, and [§59(1) & (3)] of KONEX Market Business Regulations, the member shall inform other members of such fact. (Amended on September 12, 2008, January 28, 2009; September 13th, 2013)

(6) The matters necessary for the operation of monitoring systems of the members, notification and other in-house monitoring of the members pursuant to Paras.(1) through (4) shall be stipulated in the Enforcement Rules.


## §7. Reporting Requirement of Members for the Prevention of Unfair Trading

(1) When becoming aware that an officer, employee or major shareholder (referring to the major shareholders pursuant to [§9(1)] of the Act) of a listed company has entrusted trading of the shares issued by the concerned listed company or other issues specified in the Enforcement Rules, the members shall report the details of such entrustment to the Commission without delay. (Amended on November 24, 2006; January 28, 2009)

(2) When becoming aware of rumors that may undermine the fair trading system or discovering an indication or incidence of abnormal trading, the member shall report details of such indication or incidence to the Commission without delay.

(3) [Deleted on January 28, 2009]

(4) In case where a customer has filed a civic appeal in relation to the fair trading and investor protection or there is a dispute with a customer, the member shall report such civic appeal or dispute to the Commission by the 10th day of the month following the end of the quarter to which the month when the concerned appeal or dispute was filed belong. (Amended on November 24, 2006)

(5) In addition to the reporting pursuant to Paras.(1) through (4), other necessary matters shall be stipulated in the Enforcement Rules.

## CHAPTER III. INVESTIGATION INTO ABNORMAL TRADING AND INSPECTION OF MEMBERS

## Section I. General Provisions

### §8. Matters to be Observed by Surveillance Staff (Amended on November 24, 2006)

(1) The surveillance staff shall perform the tasks relating to the investigation, inspection or inter-market investigation and inspection in strict fairness on the basis of the facts and evidence in accordance with the relevant laws and regulations and the instructions of the Commission. (Amended on November 24, 2006)

(2) The market surveillance staff shall not provide or leak the confidential information acquired in the course of work to other parties or use such information for purposes other than the investigation or inspection. (Amended on November 24, 2006)

### §9. Withdrawal from Investigation or Inspection

(1) In the event of coming under any of the following cases, the market surveillance staff shall withdraw himself or herself from the investigation or inspection by obtaining the approval of the Commission after submitting the completed withdrawal application to the Commission: (Amended on November 24, 2006; January 28, 2009)

    1. In cases where the details of investigation or inspection are directly related to the self-interest of surveillance staff; and

    2. In cases where there is a possibility of undermining the fairness in performing the tasks, because the surveillance staff is within the 4th degree of blood relative or the 2nd degree of matrimonial relative of an officer and employee of the member or a customer and spouse of customer, who are implicated to the details of the investigation or inspection.

(2) The matters relating to the withdrawal application mentioned in Para.(1) shall be stipulated in the Enforcement Rules.

### §10. Reward for Information

(1) The Commission may offer a monetary reward to an informant who has provided information on matters related to unfair trading. (Amended on November 24, 2006)

(2) The Commission shall not reveal or leak to a third party the information about the informant, including the personal details, unless a written consent of informant has been obtained.

(3) The matters such as the handling of report on unfair trading mentioned in Para.(1) and the payment criteria for monetary reward shall be stipulated in the Enforcement Rules. (Amended on November 24, 2006)


## Section II. Market Surveillance


### §11. Market Surveillance

(1) The Commission shall carry out the market surveillance, including the determination of issues suspicious of abnormal trading to undertake the investigation and the identification of trade type that may infringe on the regulations governing the business of the Exchange to conduct the inspection. (Amended on January 28, 2009)

(2) The determination of issues suspicious of abnormal trading pursuant to Para.(1) shall be based on the criteria that are established by the Commission while taking into consideration such matters as the trading type, price fluctuation and size of trading volume of securities and exchange-traded derivative products and the degree of relationship between the market price and trading, and the details of rumors, etc. (Amended on November 24, 2006; January 28, 2009)

(3) The types of market surveillance pursuant to Para.(1) and other necessary matters shall be stipulated in the Enforcement Rules.


### §12. Measures Taken in Connection with the Market Surveillance

In connection with the rapid change of trading conditions or the rumors, etc. in the course of market surveillance, if it is deemed necessary for the investor protection, the Commission may request the Market concerned to take the measures stipulated in any of the following items: (Amended on November 24, 2006 January 28, 2009)

   1. An inquiry about the existence of disclosure relating to the rapid change in

trading conditions or the truthfulness of rumor, etc.; and

2. Suspension of trading of securities or exchange-traded derivative products.


## Section III. Investigation into Abnormal Trading


### §13. Launching Investigation

(1) The Commission shall conduct an investigation in accordance with the type noted in each of the following items: (Amended on November 24, 2006; January 28, 2009)

    1. Regular investigation: The investigation of the issues suspicious of abnormal trading, which have been detected through the market surveillance; and

    2. Special investigation: The investigation of the matters that require an immediate action due to such matters as a media report or a civic appeal or that for which the Commission deems an investigation necessary.

(2) When it is deemed necessary, the Commission may conduct an investigation pursuant to Para.(1) in collaboration with related institutions. (Amended on November 24, 2006)


### §14. Methods of Investigation

(1) When it is deemed necessary (including the case of requesting the provision of information about financial transaction pursuant to [§4(1)7b] of the Act on Real Name Financial Transaction and Guarantee of Secrecy; the same hereinafter), the Commission may request the member to submit the reports and documents relating to the abnormal trading or the attendance and statement of the personnel implicated (hereinafter referred to as "the submission of information, etc."). (Amended on November 24, 2006; January 28, 2009)

(2) When requesting the members the submission of information, etc. pursuant to Para.(1), the Commission shall make such request in writing, stating the reasons, the types of information required, the submission deadline and the date and place to appear, etc. However, in cases where it is deemed necessary for the speedy compilation of information, the market surveillance staff (restricted to the staff responsible for the investigation; the same hereinafter in

this Section) may visit the head office, branch offices or other business offices of the member (hereinafter referred to as "the site visit") and make the request in person. (Amended on November 24, 2006)

(3) Pursuant to [§404] of the Act, the Commission may, when it is deemed necessary, request the non-member financial investment companies (limited to the investment trading or investment brokerage companies that are engaged in the financial investment business dealing with the securities or exchange-traded derivative products) to submit the relevant information in writing, by stating the reasons, types of information required, submission deadline, etc. (Amended on January 28, 2009)

(4) In addition to the types of information required for investigation, method of requesting submission of information, etc. and site visit noted in Paras.(1) through (3), the matters necessary for the investigation shall be stipulated in the Enforcement Rules.

### §15. Preparation of Question-and-Answer Form, etc.

(1) In cases where in the course of investigation, there is a matter in which the activities of or details of business handled by a member or its officer and employee is in violation of the laws and regulations or improper (hereinafter referred to as "the matters pointed out"), the market surveillance staff may collect the written confirmations from the persons concerned. (Amended on November 24, 2006)

(2) In cases where a written confirmation of facts about the matters pointed out pursuant to Para.(1) is needed, the market surveillance staff may personally hear the statement of persons concerned, and in this case, a question-and-answer form shall be prepared. However, in an event where the details of confirmation are straightforward or the person making statement wishes to do so, the person making statement may be allowed to prepare a written statement and submit it. (Amended on November 24, 2006)

(3) In cases where the market surveillance staff prepares the question-and-answer form pursuant to Para.(2), to ensure the voluntary nature of statement, no one shall be forced to make a statement. However, in the event of refusing to sign or put his/her seal on the question-and-answer form, the person made a statement shall write down the reasons for the refusal on the form. (Amended on November 24, 2006)

(4) Concerning the matters pointed out noted in Para.(1), the representative, an officer and an employee of the concerned member shall be given an opportunity to defend themselves with a mailed list of questions. However, the delivery of the list of questions may be omitted if the matters pointed out are general matters, of which the nature is deemed to be insignificant, and a written

confirmation has been collected for such general matters.

(5) In addition to the written confirmation, question-and-answer form and list of questions noted in Paras.(1) through (4), other necessary matters shall be stipulated in the Enforcement Rules.

## Section IV. Member Inspection

### §16. Instigation of Inspection

(1) The Commission shall carry out the member inspection according to the type noted in each of following items: (Amended on November 24, 2006; January 28, 2009)

    1. Regular Inspection: The inspection that the Commission carries out on a regular basis according to its inspection schedule; and

    2. Special inspection: The inspection that is carried out at any time as the Commission deemed it necessary.

(2) The Commission may, when it is deemed necessary, carry out the inspection pursuant to Para.(1) jointly with the related institutions. [November 24, 2006]

(3) The necessary matters, in connection with the implementation of inspection pursuant to Paras.(1) and (2), shall be stipulated in the Enforcement Rules. (Amended on January 28, 2009)

### §17. Inspection Method

(1) The inspection shall be carried out either by the site inspection where the market surveillance staff (restricted to the staff member who is responsible for the inspection; the same hereinafter in this Section) visits the head office, branch offices or any other business locations of the member and conduct an examination in person or by the written inspection where an examination is made through correspondence or other means. In this case, the Commission shall send a prior written notification to the member. (Amended on November 24, 2006)

(2) When it is deemed necessary for the inspection pursuant to Para.(1), the Commission may request the member to submit information, etc. or to conduct its own in-house examination and submit the results thereof to the Commission.

(3) In case where a site inspection is carried out pursuant to Para.(1), the market surveillance staff shall carry with him or her the inspection order and inspection credentials issued by the Commission and present them to the concerned persons. (Amended on November 24, 2006)

(4) The provisions of [§14(2) & (4)] shall be applied *mutatis mutandis* to the written inspections, and [§15] shall be applied *mutatis mutandis* to the preparation of question-and-answer forms, etc. In this case, the staff member who is responsible for investigation shall be construed as the staff member who is responsible for inspection, respectively. (Amended on November 24, 2006)

(5) The matters necessary for inspection other than the inspection methods and procedures noted in Paras.(1) through (3) shall be stipulated in the Enforcement Rules.


## Section V. Inter-market Surveillance


## §18. Types of Inter-market Surveillance

Inter-market surveillance shall be distinguished into the inter-market surveillance, inter-market investigation and inter-market inspection.


## §19. Methods of Inter-market Surveillance

(1) Sections 2 through 4 shall be applied *mutatis mutandis* to the methods of inter-market surveillance, inter-market investigation and inter-market inspection. (Amended on November 24, 2006)

(2) Matters necessary for inter-market surveillance other than Para.(1) shall be stipulated in the Enforcement Rules.

## CHAPTER IV. HANDLING OF OUTCOME OF INVESTIGATION AND INSPECTION

### §20. Reporting and Handling of Outcome of Investigation and Inspection

(1) Upon the completion of the investigation or inspection, the market surveillance staff shall submit to the Commission a written report on the outcome thereof. (Amended on November 24, 2006)

(2) When becoming aware of a case violating the Act as a result of the investigation and inspection, the Commission shall notify such a case to the Financial Services Commission. In this case, the notification to the Financial Services Commission shall not have any bearing on the disciplinary actions, etc. (referring to the imposition of disciplinary measures pursuant to [§22(1)] or the request for corrective action pursuant to [§22(4)] and the request for disciplinary action pursuant to [§23]; the same hereinafter) taken by the Commission. (Amended on November 24, 2006; January 28, 2009)

(3) When becoming aware of the fact of violating the regulations concerning the business of the Exchange  other than this Regulation as a result of  the investigation and inspection, the Commission shall notify such a fact to the concerned Market.

### §21. Causes for Disciplinary Actions against Members and Their Officers and Employees

In cases where the outcome of the investigation or inspection reveals that a member or its officer or employee comes under any of the following cases, the Commission may take a disciplinary action against the  member. (Amended on November 24, 2006; January 28, 2009)

   1. Cases of violation of  [§3, §4 and §7];

   2. Cases of violation of the provisions concerning the unfair trading practices stipulated in [§147, §172 through §174, §176, §178 and §180] of the Act; (Amended on November 24, 2006; January 28, 2009)

   2-2. Cases of violation of the regulations concerning the business of the Exchange; (Amended on January 28, 2009)

   3. Cases of failure  to comply with the actions taken by the Commission pursuant to the Act and this Regulation;

   4. Cases of providing  false information or omitting record information in the

reports or documents submitted to the Commission pursuant to the Act and this Regulation, or neglecting to submit such reports or documents; and

5. Cases of obstruction in or noncompliance with the investigation or inspection and non-cooperation in investigation or inspection such as refusal to provide the information requested by the Commission. (Amended on November 24, 2006; October 12, 2007)


## §22. Disciplinary Actions against Members
(Amended on November 24, 2006; January 28, 2009)

(1) In cases where a member corresponds to any Items of [§21], the Commission may take the disciplinary measures corresponding to any of the following items: (Amended on October 12, 2008; January 28, 2009)

    1. Revocation of membership;

    1-2. To suspend the whole or part of membership privileges for up to six (6) months;

    1-3. To suspend the whole or part of trading privilege for up to six (6) months.

    2. To impose the member a fine amounting a minimum of KRX 10 million and maximum of KRX 1 billion;

    3. To send a notice of warning; and

    4. To send a notice of attention.

(2) [Deleted on October 12, 2007]

(3) In cases where a member to whom a member fine was imposed pursuant to Para.(1)2 has failed to pay the fine before the payment due date, the Commission shall impose an additional fine calculated by multiplying 1/1,000 and the number of days overdue to the amount of a member fine, over and above the member fine. (Amended on November 24, 2006)

(4) In cases where it is deemed that the violation of the laws and regulations or improper activities of members resulted from the internal regulations or application of such internal regulations, or that there is a need to revert them to its original state, the Commission may request the concerned member to take such corrective actions as improvement or rectification, or may demand the concerned member to pay attention or to submit a written guarantee for implementation of the Commission's requests. (Amended on November 24, 2006)

(5) The necessary matters other than the disciplinary actions and request for corrective action pursuant to Paras.(1) through (4) shall be stipulated in the Enforcement Rules.

## §23. Request for Disciplinary Action against the Officers and Employees of a Member

(1) In cases where the conducts of officers and employees of a member correspond to any items of [§21], the Commission may request the member to take a disciplinary action corresponding to any of following items (hereinafter referred to as the "request for disciplinary action"): (Amended on November 24, 2006; January 28, 2009)

    1. Officer: Dismissal, suspension of duties, warning or attention; and

    2. Employee: Discharge, suspension from office, salary reduction, reprimand, warning or attention.

(2) The matters necessary for the request for disciplinary action pursuant to Para.(1) shall be stipulated in the Enforcement Rules.

## §24. Imposition of Concurrent Disciplinary Measures and Announcement Thereof

(1) The Commission may impose the disciplinary measure pursuant to [§22(1)] and make request to take the corrective action pursuant to [§22(4)] and the disciplinary action pursuant to [§23(1)] concurrently. (Amended on November 24, 2006)

(2) When it is deemed necessary, the Commission may publish the details of disciplinary measures pursuant to [§22(1)] and the details of the request for disciplinary actions pursuant to [§23(1)].

(3) The necessary matters other than the concurrent imposition of disciplinary measure, request for corrective action and request for disciplinary action mentioned in Para.(1) and the publication of the details of the disciplinary measures and request for disciplinary actions mentioned in Para.(2) shall be stipulated in the Enforcement Rules. (Amended on November 24, 2006)

## §25. Disciplinary Committee

(1) To deliberate the matter specified in each of items listed below following the outcome of the investigation and inspection, the Commission shall establish the

Disciplinary Committee: (Amended on November 24th, 2006; January 28, 2009)
    1. Disciplinary measures pursuant to [§22(1)]; and

    2. Request for disciplinary action (excluding the request for warning or attention) pursuant to [§23(1)].

(2) The Disciplinary Committee shall consist of seven (7) members who are nominated by the Chairman of the Commission (hereinafter referred to as "the Chairman"), and the Chairman of the Committee shall be appointed by the Chairman among the committee members: (Amended on November 24, 2006; January 28, 2009)

    1. One (1) executive officer of the Market Oversight Division, who is appointed by the Chairman;

    2. Four (4) experts who are knowledgeable in the fields of securities, derivative products or law and have extensive work experiences therein;

    3. One (1) full-time officer of an  investment trading or investment brokerage company engaged in the financial investment business dealing with the securities as a member; and
    4. One (1) full-time officer of an investment trading or investment brokerage company engaged in the financial investment business dealing with the exchange-traded derivatives products as a member.

(3) Other matters necessary for the operation of Disciplinary Committee shall be stipulated in the Enforcement Rules.


### §26. Prior Notification

(1) When intending to impose disciplinary measures pursuant to [§22(1)] and request to take the disciplinary actions pursuant to [§23], the Commission shall notify the concerned party, etc. (including the member to be disciplined or its representatives, and in case of imposing measures against the member's officer and employee, the representative of the concerned officer or employee; the same hereinafter) each of the following matters by ten (10) days before the date of the Commission meeting: (Amended on January 28, 2009)

    1.  The tile of disciplinary measures, etc.;

    2.  Name,  title and address of the concerned party ;

    3.  The facts that serve  the cause of the disciplinary measures, etc. and the details of the disciplinary measures and the official base thereof;

    4.  The explanation of  the opportunity to state opinions regarding Item 3 and

handling of the cases where no opinions have been stated;

5. The name and address of the organization stating opinions;

6. The time, date and place of opinion statement; and

7. Other matters deemed necessary.

(2) Notwithstanding Para.(1), when, in view of the nature of the concerned disciplinary measure, it is deemed that the opinion hearing is clearly problematic or not necessary, the prior notification may not be sent.

[Amended November 24, 2006]
### §26-2. Statement of Opinions

(1) The concerned party, etc. may state his or her opinion verbally or in writing before the Commission imposes the disciplinary measures pursuant to [§22(1)] and requests the disciplinary actions pursuant to [§23]. (Amended on January 28, 2009)

(2) In cases where the concerned party, etc. has clearly communicated its intention to surrender the opportunity to state its opinion or did not state its opinion without justifiable reasons, it shall be construed as having no opinion.

[Enacted, November 24, 2006]


### §26-3. Notification of Disciplinary Measures, etc.

When imposing the disciplinary measures, etc. pursuant to this Regulation, the Commission shall present the official basis and justification to the concerned party, etc. and shall inform the necessary matters such as whether or not it is possible to file the motion of objection.

[Enacted, November 24, 2006]


### §27. Motion for Objection (Amended November 24, 2006)

(1) The party, etc., who has been informed of the imposition of disciplinary measures pursuant to [§22(1)] and the request for disciplinary actions pursuant to [§23], may file an objection with the Commission within thirty (30) days from the date of receiving the notification pursuant to [§26-3]. (Amended on January 28, 2009)

(2) Upon receiving an objection pursuant to Para.(1), the Commission shall resolve the objection within thirty (30) days from the receipt date, unless there

are unavoidable circumstances. However, in cases where it is not possible to resolve the matter within the concerned period due to the unavoidable reasons, the period may be extended, and in this case, the reasons for extension and the expected resolution time, etc. shall be notified in writing. (Amended on November 24, 2006)

(3) No objection shall be filed against the matter that has been already dealt with according to the objection pursuant to Para.(1).
(4) The matters necessary for the filing an objection noted in Para.(1) shall be stipulated in the Enforcement Rules. (Amended on November 24, 2006)


**§27-2. Re-deliberation on the Commission's Own Authority**

When a case comes under any of the following items, the Commission may review the case exercising its own authority and cancel or change the imposed measures: (Amended on January 28, 2009)

　　1. The cases where the disciplinary measures, etc. are deemed illegitimate or unjust as a result of the review of  the legal decisions and the relationships between the facts that were the basis of the disciplinary measures, etc., while taking into the consideration the final decision of the court, the dismissal of suspicion by the Financial Services Commission and the Securities and Futures Commission or the objective of the result of re-deliberation exercising the Commission's authority; and (Amended on January 28, 2009)

　　2. The cases where the disciplinary measures, etc. are deemed illegitimate or unjust as a result of uncovering the mistake and omission in documentary evidence or new evidence that contradict the facts used as the justification for disciplinary measures, etc.

[Enacted, November 24, 2006]


**§28. Summary Penalty**

(1) In cases of  a minor wrong doing among the illegal activities and violations of regulations such as the noncompliance of the reporting obligation of members, for which a speedy handling of the case is deemed necessary, the Commission may impose a summary penalty of KRW 2 million or less. (Amended on November 24, 2006)
(2) In cases where a member refuses to accept the imposition of summary penalty or fails or neglects to pay the summary penalty, the Commission may take disciplinary measures, etc. against the member pursuant to [§22 through §26]. (Amended on November 24, 2006)

(3) The matters necessary for imposition of summary penalty pursuant to Para.(1) shall be stipulated in the Enforcement Rules.

# CHAPTER V. SUPPLEMENTARY PROVISIONS

## §29. Delegation of Authority

In relation to the accomplishment of business of the Commission, the matters stipulated in each of following items shall be delegated to the Chairman: (Amended on November 24, 2006; July 20, 2008; January 28, 2009)

1. Matters relating to the prevention of unfair trading pursuant to [§5, §5-2 and §6(1), (3) & (4)];

2. Receipt of reports pursuant to [§6(2) and §7];

3. Launching of market surveillance, investigation, inspection and inter-market surveillance pursuant to Chapter III;

4. Receipt of reports on the results of investigation or inspection pursuant to [§20] and notification to the Financial Services Commission or the Markets;
5. Imposition of an additional penalty amount pursuant to [§22(3)] and request for a corrective action pursuant to [§22(4)];

6. Warning or request for attention  pursuant to [§23(1)];

7. Prior notification pursuant to [§26(1)] and publication of disciplinary measures, etc. pursuant to [§26-3];
8. Imposition of the summary penalty pursuant to [§28(1)];

9. Implementation of the decisions of the Commission; and

10. Other matters that the Commission deems necessary to be delegated to the Chairman because of the urgency or minor nature of the matter.

## §30. Enforcement Rules

The Chairman shall stipulate the matters necessary for the enforcement of this Regulation in the Enforcement Rules.

**ADDENDA**

(No. 14; January 21, 2005)

§1. Effective Date

This Regulation shall become effective on the day the Exchange is incorporated. However, the provisions of [§6(1) & (2)] shall be applied to the futures trading members who were founded pursuant to the Futures Trading Act from the date that the Commission determined by taking into account the readiness of their computer system, etc.

§2. Interim Measures for the Issues Subject to Investigation or Inspection, etc.

The issues and members that have been selected as the object of investigation or inspection pursuant to the Business Regulation and Futures Regulation of the Korea Stock Exchange, the Business Regulation on the Association Brokerage Market of the Korea Securities Dealers Association, and the Business Regulation of the Korea Futures Exchange before this Regulation becomes effective shall be deemed as having been selected as the object of investigation and inspection pursuant to this Regulation.

§3. Interim Measures for Disciplinary Actions, etc. against Members

The details of disciplinary actions and measures taken against the unlawful, illegitimate or wrongful conducts before the effective date of this Regulation shall be subject to the Business Regulation and Futures Regulation of the Korea Stock Exchange, the Business Regulation on the Association Brokerage Market of the Korea Securities Dealers Association, and the Business Regulation of the Korea Futures Exchange.

§4. Interim Measures for Reporting, etc. by Members

Reporting by the members, the requests or demands made to the members, and the preventive actions against unfair trading practices and the related measures, etc. pursuant to the Business Regulation and Futures Regulation of the Korea Stock Exchange, the Business Regulation on the Association Brokerage Market of the Korea Securities Dealers Association and the Business Regulation of the Korea Futures Exchange, which were taken before this Regulation becomes effective, shall be deemed to have been made or taken pursuant to this Regulation.

§5. Interim Measures for the Disciplinary Committee

In cases where the disciplinary actions and measures taken against a member or its officers and employees as a result of the investigation and inspection by the Commission are the matters to be deliberated by the Disciplinary Committee, until the Disciplinary Committee has been established pursuant to [§25(1)], it shall be deemed that such disciplinary actions and measures have been deliberated by the Disciplinary Committee.


**ADDENDA**
(No. 203; November 24, 2006)


§1.  Effective Date

This Regulation shall become effective on December 1, 2006.


§2. Interim Measures for the concurrent imposition of disciplinary measures, etc.

The amended provisions of [§24(1)] shall be applied to the violations of laws and regulations or wrongful activities that have occurred after this Regulation has become effective.


**ADDENDA**
(No. 269; July 20, 2007)


§1. Effective Date

This Regulation shall become effective on September 3, 2007.


§2. Interim Measures for the Designation of Investment Alert Issues

The issues that have been published as the matters of investment alert when this Enforcement Rules becomes effective shall be construed as having been designated as investment alert issues pursuant to the amended provisions of [§5(3)].


§3. Interim Measures for the Designation of Investment Caution Issues

The issues that have been designated as abnormally rising issues pursuant to the Stock Market Business Regulation or the Kosdaq Market Business

Regulation when this Enforcement Rules becomes effective shall be construed as having been designated as investment caution issues pursuant to the amended provision of [§5-2(1)] since the concerned designation date.


## ADDENDA
(No. 290; October 12, 2007)


§1. Effective Date

This Regulation shall become effective on November 1, 2007.


§2. Examples in Applying the Imposition of Disciplinary Measures against the Members

The amended provisions of [§22(1) & (2)] shall be applied beginning with the disciplinary actions taken for the first time after the effective date of this Enforcement Rules.


## ADDENDA
(No. 364; September 12, 2008)

§1. Effective Date

This Regulation shall become effective on September 16, 2008.


§2. Examples in Notification of Refusal to Accept Entrustment of Order

The application of amended provisions of [§6(5)] shall begin with the first entrustment of order that the member refused to accept since this Regulation was put in force.


## ADDENDUM
(No. 405; January 28, 2009)

This Regulation shall become effective on the date (February 4, 2009).

**ADDENDUM**
(No. 815; March 7, 2012)

§1. Effective Date

This Regulation shall become effective on March 12, 2012.


§2. Examples in Requesting Trading Suspension of Issues designated as Investment Alert Issues or Investment Risk Issues

(1) The amended provisions of [§5-3(3)] shall be applied starting with the issue designated as an investment alert issue or an investment risk issue pursuant to the amended provisions of [§5-3(1) & (2)] after the effective date of this Regulation.

(2) In cases where an issue has been designated as an investment risk issue pursuant to [§5-2(2)] of former version of this Regulation on the trading day counting retroactive from the effective date of this Regulation, the request for trading suspension of such an issue shall be made according to [§5-2(3)] of former version of this Regulation.

**ADDENDUM**
(No. 949; September 13, 2013)


This Regulation shall become effective on September 13, 2013.

# 장감시규정

제    정  2005. 1.21 규정 제14호
개    정  2006.11.24 규정 제203호
개    정  2007. 7.20 규정 제269호
개    정  2007.10.12 규정 제290호
개    정  2008. 9.12 규정 제364호
개    정  2009. 1.28 규정 제405호
개    정  2012. 3. 7 규정 제815호
개    정  2013.9.13 규정 제949호

# 제1장 총칙

제1조(목적) 이 규정은 「자본시장과 금융투자업에 관한 법률」(이하 "법"이라 한다) 제403조에 따라 시장감시, 이상거래의 심리, 회원에 대한 감리 및 연계감시와 그 결과에 따른 회원 및 그 임직원에 대한 징계 등에 관하여 필요한 사항을 규정함을 목적으로 한다.

[전문개정 2009.1.28]

제2조(정의) ① 이 규정에서 "이상거래"란 증권시장(법 제78조에 따라 상장주권의 매매가 중개되는 경우를 포함한다. 이하 같다) 또는 파생상품시장(이하 "시장"이라 한다)에서의 증권의 종목 또는 장내파생상품의 매매 품목(이하 "종목"이라 한다)의 가격이나 거래량에 뚜렷한 변동이 있는 거래 등 법 시행령 제355조의 이상거래를 말한다.

② 이 규정에서 "시장감시"란 시장에서의 증권 또는 장내파생상품의 매매(이하 "거래"라 한다)나 그 주문·호가의 상황 또는 이와 관련된 제보·공시·풍문·보도 등(이하 "풍문등"이라 한다)을 감시 및 분석하는 것을 말한다.

③ 이 규정에서 "심리"란 이상거래의 혐의가 있다고 인정되는 종목(이하 "이상거래혐의종목"이라 한다)의 거래나 그 주문 또는 호가 등이 법 제147조·제172조부터 제174조까지·제176조·제178조 및 제180조를 위반하는 등 불공정거래 행위에 해당하는지 여부를 확인하는 것을 말한다.

④ 이 규정에서 "감리"란 한국거래소(이하 "거래소"라 한다)의 업무관련규정을 준수하는지를 확인하기 위하여 그와 관련된 회원의 업무·재산상황·장부·서류, 그 밖의 물건을 조사하는 것을 말한다.

⑤ 이 규정에서 "연계감시"란 연계거래와 관련한 시장감시, 심리 및 감리를 말한다.

⑥ 이 규정에서 "회원"이란 회원관리규정 제3조제1항 각 호의 회원을 말한다.

⑦ 이 규정에서 "선물거래"란 파생상품시장업무규정에서 정하는 기준과 방법에 따라 파생상품시장에서 이루어지는 법 제5조제1항제1호에 해당하는 파생상품의 거래를 말한다.

⑧ 이 규정에서 "옵션거래"란 파생상품시장업무규정에서 정하는 기준과 방법에 따라 파생상품시장에서 이루어지는 법 제5조제1항제2

호에 해당하는 파생상품의 거래를 말한다.

⑨ 이 규정에서 "연계거래"란 가격 연동성이 있는 2개 이상으로서 증권의 종목 간, 장내파생상품의 종목 간 또는 증권의 종목과 장내파생상품의 종목간을 연계하는 거래를 말한다.

⑩ 이 규정에서 "시장감시요원"이란 시장감시, 심리, 감리 또는 연계감시를 수행하는 거래소의 직원을 말한다.

⑪ 그 밖에 이 규정에서 사용하는 용어의 정의는 법 및 거래소의 업무관련규정에서 정하는 바에 따른다.

[전문개정 2009.1.28]

# 제2장 시장의 건전성 유지
## 제1절 공정거래질서 유지의무

제3조(회원의 금지행위) 회원 또는 그 임원·직원은 다음 각 호의 어느 하나에 해당하는 행위를 하여서는 아니된다.<개정 2006.11.24, 2009.1.28>

1. 위탁자의 주문정보를 이용하거나 당해 주문을 처리하기에 앞서 호가(주문을 포함한다. 이하 같다)하는 등 자기 또는 제3자의 이익을 위하여 거래를 하는 행위

2. 시장에서의 거래와 관련하여 정당한 사유없이 위탁자의 손실 또는 수수료를 보전하거나 손익을 이전시켜 주는 등 위탁자에게 직

접 또는 간접으로 재산상의 이익을 제공하는 행위

3. 특정 종목의 매수(매도)를 명시적 또는 묵시적으로 추천한 후 당해 종목을 매도(매수)하거나, 특정 종목을 매수(매도)한 후 당해 종목을 매수(매도) 종목으로 명시적 또는 묵시적으로 추천하여 이익을 얻거나 손실을 회피하는 행위

4. 투자수익률게임 등에서 관리종목, 투자주의종목, 투자경고종목, 투자위험종목 또는 발행·유통주식수가 적은 종목 등을 대상으로 과도한 투기적 거래를 유발하게 하는 행위

5. 위탁자로부터 거래에 관한 위탁을 받지 아니하고 위탁자의 재산으로 거래를 하거나 그 거래에 대하여 추인을 요구하는 행위

6. 증권의 가치에 중대한 영향을 미치는 사정을 미리 알고 있으면서 이를 알리지 아니하고 위탁자에게 해당 증권의 매수를 권유한 후 자기 또는 제3자가 보유한 증권을 매도하거나 위탁자에게 해당 증권의 매도를 권유한 후 자기가 매수하거나 제3자에게 매수하도록 하는 행위

7. 자기 또는 제3자의 이익을 도모할 목적으로 업무상 알게 된 정보를 거래에 이용하는 행위

8. 연계거래와 관련된 제1호·제3호 및 제6호의 행위

9. 그 밖에 투자자보호나 시장의 건전성에 반하는 행위

제4조(공정거래질서 저해행위의 금지) ① 회원 또는 그 임원·직원은 다음 각 호의 어느 하나에 해당하는 행위를 하여서는 아니된다.<개

정 2006.11.24, 2009.1.28>

1. 시가·최고가·최저가 또는 종가 등 특정 시세의 형성에 관여하는 호가를 계속적으로 또는 순차적으로 제출하여 시세의 상승·하락 또는 고정·안정을 초래하는 행위

2. 신규상장종목의 최초의 가격결정 등 단일가매매방법을 통한 가격 결정에 집중적으로 관여하는 호가를 제출하는 행위

3. 시세를 상승·하락 또는 고정·안정시킨 후 대량으로 거래를 하는 행위

4. 특정 종목의 시장수급상황에 비추어 과도하게 거래하여 시세 등에 부당한 영향을 주거나 오해를 유발하게 할 우려가 있는 호가를 제출하거나 거래를 하는 행위

5. 거래 성립 가능성이 희박한 호가를 대량으로 제출하거나 직전가격 또는 최우선호가의 가격이나 이와 유사한 가격으로 호가를 제출한 후 당해 호가를 반복적으로 정정·취소하여 시세 등에 부당한 영향을 미치거나 미칠 우려가 있는 행위

6. 동일 가격의 호가를 일정 시간에 분할하여 제출함으로써 수량배분 또는 시세 등에 부당한 영향을 미치거나 미칠 우려가 있는 행위

7. 장종료시의 가격을 당일의 최고가, 최저가 또는 이에 근접한 가격으로 형성시키기 위하여 호가를 제출하는 행위

8. 당일중 또는 일정기간동안 계속하여 높은 가격으로 매수한 후 낮

은 가격으로 매도하는 행위, 낮은 가격으로 매도한 후 높은 가격으로 매수하는 행위 또는 동일 가격으로 거래를 반복하는 행위

9. 취득 또는 처분의 의사 없이 통정하여 거래를 하거나 권리의 이전을 목적으로 하지 아니하는 가장된 거래를 하는 행위

10. 특정 종목의 시세등을 변동시키기 위하여 당해 종목에 관한 풍문등을 유포하는 행위

11. 예상체결가격 또는 예상체결수량의 형성에 관여하는 호가를 제출하여 시세 등에 부당한 영향을 미치거나 미칠 우려가 있는 행위

12. 그 밖에 시장의 공정거래질서를 저해하거나 공신력을 실추시키는 행위

② 회원 또는 그 임원·직원은 연계거래와 관련하여 다음 각 호의 어느 하나에 해당하는 행위를 하여서는 아니 된다.<개정 2006.11.24, 2009.1.28>

1. 증권 또는 장내파생상품의 종목 중 어느 일방의 종목을 보유하고 있는 자가 이익을 얻거나 손실을 회피할 목적으로 다른 종목에서 통정하여 거래를 하거나 가장된 거래를 하는 행위

2. 증권 또는 장내파생상품의 종목 중 어느 일방의 종목을 보유하고 있는 자가 당해 종목의 거래상황에 관하여 타인을 유인하기 위하여 다른 종목을 거래하여 그 가격을 변동시키거나 그 다른 종목에 관한 풍문 등을 유포하는 행위

3. 증권 또는 장내파생상품의 종목 중 어느 일방의 종목을 보유하고 있는 자가 자기 또는 제3자로 하여금 이익을 얻거나 손실을 회피할 목적으로 당해 종목과 다른 종목간의 가격 차이를 인위적으로 변동 또는 고정시키는 행위

4. 특정 증권의 종목을 투자유망종목으로 추천한 후 이익을 얻거나 손실을 회피할 목적으로 이를 이용하여 장내파생상품의 종목을 거래하거나 장내파생상품의 종목의 미결제약정을 보유한 후 이를 이용하여 당해 미결제약정에 이익을 얻거나 손실을 회피할 목적으로 관련 증권의 종목의 매도 또는 매수를 추천하는 행위

5. 증권 또는 장내파생상품의 종목의 가격을 변동 또는 고정시켜 선물거래의 결제, 옵션거래의 권리행사(최종거래일 이전에 미결제약정을 소멸시키는 매도 또는 매수를 포함한다) 또는 증권의 종목의 가격에 영향을 미치는 행위

6. 증권 또는 장내파생상품의 종목의 가격을 변동 또는 고정시켜 옵션거래의 권리행사의 배정을 유리하게 하거나 방해하는 행위

7. 증권 또는 장내파생상품의 종목의 가격을 변동 또는 고정시켜 선물거래 또는 옵션거래의 증거금(파생상품시장업무규정에서 정하는 위탁증거금을 포함한다)이 유리하게 산출되도록 하는 행위

8. 장내파생상품의 종목 미결제약정을 대량으로 보유한 후 당해 미결제약정에서 이익을 얻거나 손실을 회피할 목적으로 증권의 종목에 대하여 매매체결 가능성이 희박한 호가를 대량으로 제출하

거나 직전의 가격 또는 최우선호가의 가격이나 이와 유사한 가격으로 호가를 대량으로 제출하여 시세 등에 부당한 영향을 미치거나 미칠 우려가 있는 행위

9. 증권의 종목 예상체결가격 또는 예상체결수량의 형성에 관여하는 호가를 제출하여 선물거래 또는 옵션거래에서 부당한 이익을 얻는 행위

10. 제1호 내지 제9호외에 연계거래와 관련하여 시장의 공정거래를 저해하거나 공신력을 실추시키는 행위

③ 회원 또는 그 임원·직원은 제1항 각 호의 어느 하나 또는 제2항 각 호의 어느 하나에 해당하는 행위를 위탁자에게 권유하거나 그 거래의 위탁을 받아서는 아니된다.<개정 2009.1.28>

## 제2절 불공정거래의 예방활동

제5조(위원회의 예방활동) ① 시장감시위원회(이하 "위원회"라 한다)는 공정거래질서의 유지 및 투자자 보호를 위하여 회원, 주권상장법인 또는 전문투자자 등에게 불공정거래의 예방활동을 할 수 있다.<개정 2009.1.28>

② 위원회는 불공정거래의 예방을 위하여 필요하다고 인정하는 경우에는 관련 회원에게 서면(「정보통신망 이용촉진 및 정보보호 등에 관한 법률」에 따른 정보통신망을 이용한 전자문서를 포함한다.

이하 같다) 또는 전화 등에 의하여 예방조치를 요구(이하 "예방조치요구"라 한다)할 수 있다.<개정 2006.11.24, 2009.1.28>

③ 삭제<2012.3.7>

④ 위원회는 제1항 및 제2항에 따른 예방조치요구 등 불공정거래의 예방활동에 관하여 필요한 사항을 이 규정 시행세칙(이하 "세칙"이라 한다)으로 정한다.<개정 2006.11.24, 2007.7.20, 2009.1.28, 2012.3.7>

제5조의2(투자주의종목의 지정·공표 등) ① 위원회는 불공정거래의 예방과 투자자 보호를 위하여 주권, 그 밖에 세칙으로 정하는 증권으로서 다음 각 호의 어느 하나에 해당하는 종목을 투자주의종목으로 지정하여 공표할 수 있다.

1. 소수지점거래집중종목

2. 소수계좌거래집중종목

3. 그 밖에 투자자의 주의환기가 필요한 종목으로서 세칙으로 정하는 종목

② 위원회는 제1항에 따른 투자주의종목의 지정·공표 등에 관하여 필요한 사항을 세칙으로 정한다

[본조신설 2012.3.7]

제5조의3(투자경고종목 및 투자위험종목의 지정·공표 등) ① 위원회는 불공정거래의 예방과 투자자 보호를 위하여 주권, 그 밖에 세칙으로 정하는 증권의 가격(이하 이 조에서 "주가"라 한다)이 일정기간

급등하는 종목을 투자경고종목으로 지정하여 공표할 수 있다.<개정 2009.1.28>

② 위원회는 투자경고종목으로 지정되거나 그 지정이 해제된 후에도 일정기간 이내에 주가가 급등하는 경우에는 해당 종목을 투자위험종목으로 지정하여 공표할 수 있다.

③ 위원회는 다음 각 호의 어느 하나에 해당하는 경우에는 일정기간 해당 종목의 매매거래정지를 해당 시장에 요청할 수 있다.<개정 2012.3.7>

1. 투자경고종목으로 지정된 후에도 주가가 급등하는 경우

2. 투자위험종목으로 지정된 경우

3. 투자위험종목으로 지정된 후에도 주가가 급등하는 경우

④ 위원회는 제1항 내지 제3항의 규정에 불구하고 투자경고종목·투자위험종목의 지정이나 매매거래정지가 현저하게 부적절하다고 인정되는 경우에는 그 지정이나 매매거래정지의 요청을 하지 아니할 수 있다.

⑤ 투자경고종목 및 투자위험종목의 지정·지정예고·지정예외·지정해제 및 매매거래정지 요청 등에 관하여 필요한 사항은 세칙으로 정한다.

[본조신설 2007.7.20]

제6조(회원의 예방활동) ① 회원은 불공정거래의 예방을 위하여 주문·호가 및 체결내역 등을 감시·분석할 수 있는 자체 전산시스템(이하

"모니터링시스템"이라 한다)을 운영하여야 한다. 이 경우 회원은 위원회가 제시하는 모니터링시스템의 감시항목 및 운영기준을 준수하여야 한다.

② 회원은 모니터링시스템에 의한 분기별 적출·조치결과 등의 내용을 매분기가 종료된 달의 다음달 10일(당일이 「관공서의 공휴일에 관한 규정」에 따른 공휴일 또는 토요일인 경우에는 그 다음 거래일로 순연한다. 이하 같다)까지 위원회에 통보하여야 한다.<개정 2006.11.24, 2009.1.28>

③ 위원회는 회원에 대하여 모니터링시스템의 운영 등 회원의 자체 감시활동에 필요한 사항을 권고할 수 있으며, 이 경우 회원은 특별한 사유가 없는 한 이를 내부통제기준에 반영하여야 한다.

④ 위원회는 회원의 모니터링시스템의 운영에 필요한 기술적 지원 또는 자문을 할 수 있다.

⑤ 회원은 제1항에 따른 모니터링시스템의 운영 등 불공정거래 예방활동의 결과, 제4조제3항, 유가증권시장업무규정 제84조제1항 ·제2항, 코스닥시장업무규정 제40조제1항·제3항, 코넥스시장업무규정 제59조제1항·제3항 및 파생상품시장업무규정 제124조제3항에 해당하여 거래의 수탁을 거부한 경우에는 이를 다른 회원에게 통지하여야 한다.<신설 2008.9.12, 2009.1.28, 2013.9.13>

⑥ 제1항 내지 제4항의 규정에 의한 회원의 모니터링시스템의 운영 및 통보 그 밖에 회원의 자체감시활동에 관하여 필요한 사항은 세

칙으로 정한다.

제7조(불공정거래의 예방을 위한 회원의 보고) ① 회원은 주권상장법인의 임직원 또는 주요주주(법 제9조제1항제2호의 주요주주를 말한다)가 그 상장법인이 발행한 주권 그 밖에 세칙으로 정하는 종목의 거래를 위탁한 것을 알게 된 때에는 그 내용을 지체없이 위원회에 보고하여야 한다.<개정 2006.11.24, 2009.1.28>

② 회원은 공정거래질서를 저해할 우려가 있다고 인정되는 풍문등을 알게 되거나 이상거래의 징후나 현상을 발견한 때에는 지체없이 그 내용을 위원회에 보고하여야 한다.

③ 삭제<2009.1.28>

④ 회원은 공정거래질서 및 투자자보호와 관련된 위탁자의 민원 또는 위탁자와의 분쟁이 있는 경우에는 그 민원 또는 분쟁이 접수된 날이 속하는 분기가 종료된 달의 다음달 10일까지 위원회에 보고하여야 한다.<개정 2006.11.24>

⑤ 제1항 내지 제4항의 규정에 의한 보고 그 밖에 필요한 사항은 세칙으로 정한다.

# 제3장 이상거래의 심리 및 회원의 감리

## 제1절 통칙

제8조(시장감시요원의 준수사항<개정 2006.11.24>) ① 시장감시요원은

관계법규와 위원회의 지시에 따라 사실과 증거에 의하여 엄정하게 심리·감리 또는 연계심리·연계감리(이하 "심리 또는 감리"라 한다)에 관한 직무를 수행하여야 한다.<개정 2006.11.24>

② 시장감시요원은 직무상 지득한 비밀을 타인에게 제공 또는 누설하거나 그 목적외에 사용하여서는 아니된다.<개정 2006.11.24>

제9조(심리 또는 감리의 회피) ① 시장감시요원은 다음 각 호의 어느 하나의 경우에 회피신청서에 소정의 사항을 기재하여 위원회에 제출하고 그 승인을 얻어 심리 또는 감리를 회피하여야 한다.<개정 2006.11.24, 2009.1.28>

1. 심리 또는 감리의 내용이 자기와 직접적인 이해관계가 있는 경우

2. 심리 또는 감리의 내용과 관련된 회원의 임원·직원 또는 위탁자와 배우자, 4촌 이내의 혈족 또는 2촌 이내의 인척관계가 있어 업무수행의 공정성을 잃을 염려가 있는 경우

② 제1항의 규정에 의한 회피신청서에 관한 사항은 세칙으로 정한다.

제10조(제보에 대한 포상) ① 위원회는 불공정거래와 관련된 제보를 한 자에 대하여 포상금을 지급할 수 있다.<개정 2006.11.24>

② 위원회는 제보자의 서면상의 동의가 있는 경우가 아니면 제보자의 인적사항 등 제보자에 관한 정보를 타인에게 제공하거나 누설하여서는 아니된다.

③ 제1항의 규정에 의한 불공정거래 신고의 처리 및 포상금의 지급

기준 등은 세칙으로 정한다.<개정 2006.11.24>

## 제2절 시장감시

제11조(시장감시) ① 위원회는 심리의 수행을 위하여 이상거래혐의종목을 선정하고, 감리의 수행을 위하여 거래소의 업무관련규정을 위반할 우려가 있는 거래를 선정하는 등 시장감시를 한다.<개정 2009.1.28>

② 제1항에 따른 이상거래혐의종목은 증권 또는 장내파생상품의 종목의 거래양태, 가격변동, 거래량규모, 시세·거래관여도 및 풍문등의 내용 등을 고려하여 위원회가 정하는 기준에 따라 선정한다.<개정 2006.11.24, 2009.1.28>

③ 제1항의 규정에 의한 시장감시의 구분 그 밖에 시장감시에 관하여 필요한 사항은 세칙으로 정한다.

제12조(시장감시와 관련한 조치) 위원회는 시장감시의 과정에서 거래상황의 급변 또는 풍문등과 관련하여 투자자보호를 위하여 필요하다고 인정하는 경우에는 해당 시장에 대하여 다음 각 호의 어느 하나에 해당하는 조치를 요구할 수 있다.<개정 2006.11.24, 2009.1.28>

1. 거래상황 급변과 관련한 공시사항의 유무 또는 풍문등의 사실여부에 대한 조회

2. 증권의 매매거래정지 또는 장내파생상품의 거래정지

# 제3절 이상거래의 심리

제13조(심리의 실시) ① 위원회는 다음 각 호의 구분에 따라 심리를 실시한다.<개정 2006.11.24, 2009.1.28>

1. 일반심리 : 시장감시를 통하여 선정된 이상거래혐의종목에 대하여 실시하는 심리

2. 특별심리 : 보도·민원 등의 사유로 처리의 시급을 요하거나 위원회가 필요하다고 인정하는 사항 등에 대하여 실시하는 심리

② 위원회는 필요하다고 인정하는 경우에는 관계기관과 공동으로 제1항의 규정에 의한 심리를 실시할 수 있다.<개정 2006.11.24>

제14조(심리의 방법) ① 위원회는 심리를 위하여 필요한 경우(「금융실명거래 및 비밀보장에 관한 법률」 제4조제1항제7호나목의 규정에 의한 금융거래정보등의 제공을 요구하는 경우를 포함한다. 이하 같다)에는 회원에 대하여 이상거래 등과 관련된 보고, 자료의 제출 또는 관계자의 출석·진술(이하 "자료제출등"이라 한다)을 요청할 수 있다.<개정 2006.11.24, 2009.1.28>

② 위원회가 제1항의 규정에 의하여 회원에게 자료제출등을 요청하는 경우에는 그 사유, 자료의 종류·제출기한 및 출석일시 등을 기재한 서면으로 하여야 한다. 다만, 신속한 자료의 징구 등을 위하여 필요하다고 인정하는 경우에는 시장감시요원(심리를 담당하는 직원에 한한다. 이하 이 절에서 같다)이 회원의 본점·지점 그 밖의 영업

소를 직접 방문(이하 "현지출장"이라 한다)하여 요청할 수 있다.<개정 2006.11.24>

③ 위원회는 법 제404조에 따라 심리를 위하여 필요한 경우에는 회원이 아닌 금융투자업자(증권 또는 장내파생상품을 대상으로 금융투자업을 영위하는 투자매매업자 또는 투자중개업자에 한한다)에게 그 사유, 자료의 종류 또는 제출기한 등을 기재한 서면으로 관련자료의 제출을 요청할 수 있다.<개정 2009.1.28>

④ 제1항 내지 제3항의 규정에 의한 심리자료의 종류, 자료제출등의 요청방법, 현지출장 그 밖에 심리에 관하여 필요한 사항은 세칙으로 정한다.

제15조(문답서의 작성등) ① 시장감시요원은 심리를 수행하는 과정에서 회원 또는 그 임원·직원의 행위나 업무처리내용이 위법·위규 또는 부당한 것으로 인정되는 사항(이하 "지적사항"이라 한다)이 있는 경우에는 그 관계자로부터 확인서를 징구할 수 있다.<개정 2006.11.24>

② 시장감시요원은 제1항의 규정에 의한 지적사항에 대하여 사실 확인이 필요한 경우에는 관계자로부터 직접 진술을 청취할 수 있으며, 이 경우 문답서를 작성하여야 한다. 다만 사실 확인의 내용이 단순하거나 진술인이 서면진술을 원할 때에는 이를 작성하여 제출하게 할 수 있다.<개정 2006.11.24>

③ 시장감시요원은 제2항의 규정에 의하여 문답서를 작성하는 경우

에는 진술의 임의성이 확보될 수 있도록 진술을 강요하는 일이 있어서는 아니된다. 다만 진술인이 서명·날인을 거부한 때에는 그 사유를 문답서에 기재하여야 한다.<개정 2006.11.24>

④ 제1항의 규정에 의한 지적사항에 대하여는 당해 회원의 장 또는 관계 임원·직원에게 질문서를 발부하여 소명의 기회를 주어야 한다. 다만 경미하다고 인정되는 일반사항으로서 이에 관한 확인서를 징구한 경우에는 질문서의 발부를 생략할 수 있다.

⑤ 제1항 내지 제4항의 규정에 의한 확인서·문답서·질문서 그 밖에 필요한 사항은 세칙으로 정한다.

## 제4절 회원에 대한 감리

제16조(감리의 실시) ① 위원회는 다음 각 호의 구분에 따라 감리를 실시한다.<개정 2006.11.24, 2009.1.28>

1. 정기감리 : 위원회가 감리계획에 따라 정기적으로 실시하는 감리

2. 수시감리 : 위원회가 필요하다고 인정하여 수시로 실시하는 감리

② 위원회는 필요하다고 인정하는 경우에는 관계기관과 공동으로 제1항의 규정에 의한 감리를 실시할 수 있다.<개정 2006.11.24>

③ 제1항 및 제2항에 따른 감리의 실시와 관련하여 필요한 사항은 세칙으로 정한다.<신설 2009.1.28>

제17조(감리의 방법) ① 감리는 시장감시요원(감리를 담당하는 직원에

한한다. 이하 이 조에서 같다)이 현지출장하여 조사하는 실지감리 또는 서면 그 밖의 수단으로 조사하는 서면감리의 방법으로 실시한다. 이 경우 위원회는 사전에 회원에게 서면으로 통지하여야 한다.<개정 2006.11.24>

② 위원회는 제1항의 규정에 의한 감리를 위하여 필요하다고 인정하는 경우에는 회원에게 자료제출등을 요청하거나 회원이 자체적으로 조사를 실시하고 그 결과를 위원회에 통보하도록 요구할 수 있다

③ 제1항의 규정에 의하여 실지감리를 실시하는 경우에는 시장감시요원은 위원회가 발부한 감리명령서와 감리증표를 휴대하고 이를 관계자에게 제시하여야 한다.<개정 2006.11.24>

④ 제14조제2항 및 제4항의 규정은 서면감리의 경우에 준용하고, 제15조의 규정은 감리의 수행과 관련한 문답서의 작성 등에 관하여 준용한다. 이 경우 심리를 담당하는 직원은 각각 감리를 담당하는 직원으로 본다.<개정 2006.11.24>

⑤ 제1항 내지 제3항의 규정에 의한 감리의 방법 및 절차 그 밖에 감리에 관하여 필요한 사항은 세칙으로 정한다.

## 제5절 연계감시

제18조(연계감시의 구분) 연계감시는 연계시장감시, 연계심리 및 연계감리로 구분한다.

제19조(연계감시의 방법) ① 제2절 내지 제4절의 규정은 연계시장감시, 연계심리 및 연계감리의 방법 등의 경우에 각각 준용한다.<개정 2006.11.24>

② 제1항외에 연계감시에 관하여 필요한 사항은 세칙으로 정한다.

## 제4장 심리 또는 감리 결과의 조치

제20조(심리 또는 감리결과의 보고 및 처리) ① 시장감시요원이 심리 또는 감리를 종료한 때에는 그 결과를 위원회에 서면으로 보고하여야 한다.<개정 2006.11.24>

② 위원회는 심리 또는 감리의 결과 법에 위반한 혐의를 알게 된 경우에는 금융위원회에 통보하여야 한다. 이 경우 금융위원회에의 통보는 위원회의 징계등(제22조제1항의 규정에 의한 징계 또는 제22조제4항에 따른 조치요구와 제23조의 규정에 의한 징계요구를 말한다. 이하 같다)에 영향을 미치지 아니한다.<개정 2006.11.24, 2009.1.28>

③ 위원회는 심리 또는 감리의 결과 이 규정외의 거래소의 업무관련 규정을 위반한 사실을 알게 된 때에는 이를 해당 시장에 통보한다.

제21조(회원 및 그 임원·직원의 징계등의 사유) 위원회는 심리 또는 감리의 결과 회원 또는 그 임원·직원이 다음 각 호의 어느 하나에 해당하는 경우에는 징계등을 할 수 있다.<개정 2006.11.24, 2007.10.12, 2009.1.28>

1. 제3조, 제4조 및 제7조의 규정을 위반한 경우

2. 법 제147조·제172조부터 제174조까지·제176조·제178조 및 제180조의 불공정거래 행위와 관련된 규정을 위반한 경우

2의2. 거래소의 업무관련규정을 위반한 경우

3. 법 또는 이 규정에 의한 위원회의 조치를 위반한 경우

4. 법 또는 이 규정에 의하여 위원회에 제출하는 보고서·자료 등을 허위로 기재하거나 그 기재를 누락한 경우 또는 그 제출을 게을리 한 경우

5. 심리 또는 감리를 방해·불응하거나 위원회가 요청한 자료제출등을 거부하는 등 심리 또는 감리에 협조하지 아니한 경우

제22조(회원에 대한 징계 등<개정 2006.11.24, 2009.1.28>) ① 위원회는 회원이 제21조 각 호의 어느 하나에 해당하는 경우에는 다음 각 호의 어느 하나에 해당하는 징계를 할 수 있다.<개정 2007.10.12, 2009. 1.28>

1. 제명

1의2. 6개월 이내의 회원자격의 전부 또는 일부의 정지

1의3. 6개월 이내의 거래의 전부 또는 일부의 정지

2. 10억원 이하 1,000만원 이상의 회원제재금의 부과

3. 경고

4. 주의

② 삭제<2007.10.12>

③ 위원회는 제1항제2호의 규정에 의하여 회원제재금 부과를 받은 회원이 납부기한 내에 이를 이행하지 아니한 경우에는 미납된 회원제재금에 체납일수 및 1,000분의 1을 곱하여 산출한 금액을 당해 회원제재금에 가산하여 부과한다.<개정 2006.11.24>

④ 위원회는 회원의 위법·위규 또는 부당한 행위가 당해 회원의 내규 또는 그 운영에서 기인하거나 이를 원상회복시킬 필요가 있다고 인정하는 경우에는 당해 회원에 대하여 개선요구 또는 시정요구를 할 수 있으며, 회원에 대하여 기타 주의를 촉구하거나 위원회의 조치에 대한 이행확약서의 제출을 요구할 수 있다.<개정 2006.11.24>

⑤ 제1항 내지 제4항의 규정에 의한 징계, 조치요구 그 밖에 필요한 사항은 세칙으로 정한다.

제23조(회원에 대한 임원·직원의 징계의 요구) ① 위원회는 회원의 임직원이 제21조 각 호의 어느 하나에 해당하는 경우에는 해당 회원에게 다음 각 호의 어느 하나에 해당하는 징계를 요구(이하 "징계요구"라 한다)를 할 수 있다.<개정 2006.11.24, 2009.1.28>

1. 임원의 해임·직무정지·경고 또는 주의

2. 직원의 면직·정직·감봉·견책·경고 또는 주의

② 제1항의 규정에 의한 징계요구에 관하여 필요한 사항은 세칙으로 정한다.

제24조(징계등의 병과 및 공표) ① 위원회는 제22조제1항의 규정에 의한 징계, 제22조제4항의 규정에 의한 조치요구 및 제23조제1항의 규

정에 의한 징계요구를 병과할 수 있다.<개정 2006.11.24>

② 위원회는 필요하다고 인정하는 경우에는 제22조제1항의 규정에 의한 징계 또는 제23조제1항의 규정에 의한 징계요구의 내용을 공표할 수 있다.

③ 제1항의 규정에 의한 징계·조치요구 및 징계요구의 병과, 제2항의 규정에 의한 징계·징계요구의 내용의 공표 그 밖에 필요한 사항은 세칙으로 정한다.<개정 2006.11.24>

제25조(규율위원회) ① 위원회는 심리 또는 감리의 결과에 따른 다음 각 호의 사항을 심의하기 위하여 규율위원회를 설치한다.<개정 2006.11.24, 2009.1.28>

1. 제22조제1항의 규정에 의한 징계

2. 제23조제1항의 규정에 의한 징계요구(경고 또는 주의의 요구는 제외한다)

② 규율위원회는 시장감시위원장(이하 "위원장"이라 한다)이 위촉하는 다음 각 호의 위원 7인으로 구성되며, 의장은 위원 중 위원장이 지명한다.<개정 2006.11.24, 2009.1.28>

1. 위원장이 지명하는 시장감시본부 소속 집행간부 1인

2. 증권·선물 또는 법률에 관한 전문지식과 경험이 풍부한 자 4인

3. 회원으로서 증권을 대상으로 금융투자업을 영위하는 투자매매업자 또는 투자중개업자의 상근 임원 1인

4. 회원으로서 장내파생상품을 대상으로 금융투자업을 영위하는 투

자매매업자 또는 투자중개업자의 상근 임원 1인

③ 규율위원회의 운영 그 밖에 필요한 사항은 세칙으로 정한다.

제26조(사전통지) ① 위원회는 제22조제1항에 따른 징계 및 제23조에 따른 징계요구를 하려는 경우에는 관련 당사자등(징계등의 상대가 되는 당사자 또는 그 대리인을 말하며, 관련 임원·직원에 대한 조치의 경우에는 그 임원·직원 또는 그 대리인을 포함한다. 이하 같다)에게 위원회 회의일 10일전까지 다음 각 호의 사항을 통지하여야 한다.<개정 2009.1.28>

1. 징계등의 제목

2. 당사자의 성명 또는 명칭과 주소

3. 징계등의 원인이 되는 사실과 징계등의 내용 및 근거

4. 제3호에 대하여 의견을 진술할 수 있다는 뜻과 의견을 진술하지 아니하는 경우의 처리방법

5. 의견진술기관의 명칭과 주소

6. 의견진술 일시 및 장소

7. 기타 필요한 사항

② 제1항의 규정에도 불구하고 당해 징계등의 성질상 의견청취가 현저히 곤란하거나 명백히 불필요하다고 인정될만한 상당한 이유가 있는 경우에는 사전통지를 아니할 수 있다.

[전문개정 2006.11.24]

제26조의2(의견진술) ① 당사자등은 위원회가 이 규정에 의한 제22조

제1항에 따른 징계 및 제23조에 따른 징계요구를 하기 전에 구두 또는 서면에 의하여 의견을 진술할 수 있다.<개정 2009.1.28>

② 당사자등이 의견진술의 기회를 포기한다는 뜻을 명백히 표시하거나 정당한 이유없이 의견진술을 하지 않는 경우에는 의견이 없는 것으로 본다.

[본조신설 2006.11.24]

제26조의3(징계등의 고지) 위원회는 이 규정에 의한 징계등을 하는 경우에는 당사자등에게 그 근거와 이유를 제시하여야 하며, 이의신청을 청구할 수 있는지 여부 등 필요한 사항을 알려주어야 한다.

[본조신설 2006.11.24]

제27조(이의신청<개정 2006.11.24>) ① 제22조제1항에 따른 징계 및 제23조에 따른 징계요구를 받은 자는 제26조의3에 따른 고지를 받은 날부터 30일 이내에 위원회에 이의신청을 할 수 있다.<개정 2009.1.28>

② 위원회는 제1항의 규정에 의한 이의신청을 받은 때에는 특별한 사유가 없는 한 그 청구를 받은 날부터 30일 이내에 이를 처리하여야 한다. 다만, 부득이한 사정으로 그 기간 내에 결정할 수 없을 경우에는 30일의 범위안에서 그 기간을 연장할 수 있으며, 이 경우 연장사유, 처리예정기간 등을 서면으로 통지하여야 한다.<개정 2006.11.24>

③ 제1항의 이의신청에 의하여 처리된 사항에 대하여는 다시 이의신

청을 할 수 없다.

④ 제1항의 이의신청에 관하여 필요한 사항은 세칙으로 정한다.

제27조의2(직권재심) 위원회는 다음 각 호의 어느 하나에 해당하는 경우 직권으로 재심하여 조치를 취소하거나 변경할 수 있다.<개정 2009.1.28>

1. 법원의 확정판결이나 금융위원회·증권선물위원회의 무혐의처리 또는 직권재심 결과의 취지를 감안하여 징계등의 원인이 된 사실관계와 법률적 판단을 검토할 때 징계등이 위법 또는 부당하다고 인정되는 경우

2. 증거서류의 오류·누락 또는 징계등의 원인이 된 사실관계에 반하는 새로운 증거의 발견 등으로 징계등이 위법 또는 부당하다고 인정되는 경우

[본조신설 2006.11.24]

제28조(약식제재) ① 위원회는 회원의 보고의무위반 기타 위규·부당행위 중 경미한 행위로서 신속한 처리가 필요하다고 인정하는 경우에는 200만원 이하의 약식제재금을 부과할 수 있다.<개정 2006.11.24>

② 위원회는 회원이 제1항의 약식제재금 부과에 응하지 아니하는 경우 또는 약식제재금을 납부하지 아니하거나 태만히 하는 경우에는 제22조 내지 제26조의 규정에 의하여 징계등을 할 수 있다.<개정 2006.11.24>

③ 제1항의 규정에 의한 약식제재금의 부과에 관하여 필요한 사항은 세칙으로 정한다.

# 제5장 보칙

제29조(권한의 위임) 위원회의 업무집행에 관한 다음 각 호의 사항은 위원장에게 위임한다.<개정 2006.11.24, 2007.7.20, 2009.1.28>

1. 제5조, 제5조의2 및 제6조제1항·제3항·제4항의 규정에 의한 불공정거래의 예방활동에 관한 사항

2. 제6조제2항 및 제7조의 규정에 의한 보고의 접수

3. 제3장의 규정에 의한 시장감시, 심리, 감리 및 연계감시의 실시

4. 제20조의 규정에 의한 심리 또는 감리 결과의 보고 접수 및 금융위원회 또는 시장에의 통보

5. 제22조제3항의 규정에 의한 가산금부과 및 동조제4항의 규정에 의한 개선·시정요구 등의 조치

6. 제23조제1항의 규정에 의한 경고 또는 주의의 요구

7. 제26조제1항의 규정에 의한 사전통지 및 제26조의3의 규정에 의한 징계등의 고지

8. 제28조제1항의 규정에 의한 약식제재금의 부과

9. 위원회 결정사항의 집행

10. 그 밖에 위원회가 긴급 또는 경미하여 위원장에게 위임할 필요

가 있다고 인정하는 사항

제30조(시행세칙) 이 규정의 시행에 관하여 필요한 사항은 위원장이 세칙으로 정한다.


**부칙 <제14호,2005.1.21>**


①(시행일) 이 규정은 거래소의 설립일부터 시행한다. 다만 제6조제1항 및 제2항의 규정은 선물거래법에 의하여 설립된 선물거래회원에 대하여는 전산준비상황 등을 감안하여 위원회가 정하는 날부터 시행한다.

②(심리 또는 감리대상 종목 등에 관한 경과조치) 이 규정 시행전에 한국증권거래소의 업무규정 및 선물·옵션업무규정, 한국증권업협회의 협회중개시장업무규정과 한국선물거래소의 업무규정에 의하여 심리 또는 감리대상으로 선정된 종목·회원 등은 이 규정에 의하여 심리 또는 감리대상으로 선정된 것으로 본다.

③(회원의 징계 등에 관한 경과조치) 이 규정 시행전의 위법·위규 또는 부당한 행위 등에 대한 징계 또는 조치의 내용에 대하여는 종전 한국증권거래소의 업무규정 및 선물·옵션업무규정, 한국증권업협회의 협회중개시장업무규정과 한국선물거래소의 업무규정에 의한다.

④(회원의 보고 등에 관한 경과조치) 이 규정 시행전의 한국증권거래

소의 업무규정 및 선물·옵션업무규정, 한국증권업협회의 협회중개시장 업무규정과 한국선물거래소의 업무규정에 의한 회원의 보고, 회원에 대한 요구·요청, 불공정거래의 예방활동과 관련한 조치 등은 이 규정에 의한 것으로 본다.

⑤(규율위원회에 관한 경과조치) 제25조제1항의 규정에 의한 규율위원회의 설치 전까지는 위원회의 심리 또는 감리결과에 따른 회원 및 그 임원·직원의 징계 또는 조치가 규율위원회 심의사항인 경우에는 동 위원회의 심의를 거친 것으로 본다.


### 부칙 <제203호,2006.11.24>

①(시행일) 이 규정은 2006년 12월 1일부터 시행한다.

②(징계등의 병과에 관한 경과조치) 제24조제1항의 개정규정은 시행일 이후 발생한 위법·위규 또는 부당한 행위부터 적용한다.


### 부칙 <제269호,2007.7.20>

①(시행일) 이 규정은 2007년 9월 3일부터 시행한다.

②(투자주의종목 지정에 관한 경과조치) 이 규정 시행 당시 투자주의사항으로 공표된 종목은 제5조제3항의 개정규정에 따라 투자주의종목

으로 지정된 것으로 본다.

③(투자경고종목 지정에 관한 경과조치) 이 규정 시행 당시 유가증권시장업무규정 또는 코스닥시장업무규정에 따라 지정된 이상급등종목은 그 지정일부터 제5조의2제1항의 개정규정에 따라 투자경고종목으로 지정된 것으로 본다.


## 부칙 <제290호,2007.10.12>


①(시행일) 이 규정은 2007년 11월 1일부터 시행한다.

②(회원에 대한 징계에 관한 적용례) 제22조제1항 및 제2항의 개정규정은 이 규정 시행 후 최초로 위원회에서 행하는 징계부터 적용한다.


## 부칙 <제364호,2008.9.12>


①(시행일) 이 규정은 2008년 9월 16일부터 시행한다.

②(수탁 거부의 통지에 관한 적용례) 제6조제5항의 개정규정은 이 규정 시행 후 최초로 회원이 거부한 거래의 수탁부터 적용한다.


## 부칙 <제405호,2009.1.28>

이 규정은 2009년 2월 4일부터 시행한다.

### 부칙 <제815호,2012.3.7>

제1조(시행일) 이 규정은 2012년 3월 12일부터 시행한다.

제2조(투자경고종목 또는 투자위험종목의 매매거래정지의 요청에 관한 적용례) ① 제5조의3제3항의 개정규정은 이 규정 시행 후 제5조의3 제1항 및 제2항의 개정규정에 따라 투자경고종목 또는 투자위험종 목으로 지정되는 종목부터 적용한다.

② 이 규정 시행이전의 매매거래일부터 기산하여 종전 규정 제5조의 2제2항에 따라 투자위험종목으로 지정되는 경우 그 매매거래정지의 요청에 관하여는 종전 규정 제5조의2제3항에 따른다.

### 부칙 <제949호,2013.9.13>

이 규정은 2013년 9월 17일부터 시행한다.