WILMERHALE

April 11, 2018

Matthew T. Martens

+1 202 663 6921 (t)
+1 202 663 6363 (f)
matthew.martens@wilmerhale.com

The Honorable Kimba M. Wood
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY  10007-1312

> Re:  *Choi v. Tower Research Capital LLC*, No. 14-cv-9912 (KMW)
>      Joint Letter Motion Concerning The Court's April 2, 2018 Order (Dkt. 59)

Dear Judge Wood:

I represent Defendants Tower Research Capital LLC and Mark Gorton in the above-captioned case. Under Local Rule 7.1(d) and Rule 2.B of Your Honor's Individual Practices, I submit this letter motion, joined by Plaintiffs, concerning the Court's April 2, 2018 Order.

For the reasons below, the parties respectfully submit that the discovery and trial dates in the Court's April 2 Order—including, the completion of all discovery here, where no discovery has been conducted, in one month and a trial date less than three months away—are a practical impossibility. Thus, the parties request that the Court postpone the April 16 deadline to submit a joint scheduling order and instead set a status conference. The parties suggest that such a conference be scheduled after the Second Circuit issues its mandate, which it has not yet done.

**Background.** This is a putative class action in which Plaintiffs allege that Defendants violated the Commodity Exchange Act ("CEA") and New York unjust-enrichment law. By stipulation and order on February 6, 2015, the Court stayed all discovery (with the exception of Rule 26(a) initial disclosures) pending the resolution of Defendants' motion to dismiss. Stipulation & Order ¶¶ 1-2 (Dkt. 11). The Court dismissed Plaintiffs' original complaint without prejudice (Dkt. 41 at 11), and then dismissed Plaintiffs' first amended complaint with prejudice

WILMERHALE

Honorable Kimba M. Wood
April 11, 2018
Page 2

(Dkt. 55 at 9).  Thus, no discovery (beyond initial disclosures) has been conducted, and the only substantive briefing before this Court to date has been on Defendants' motions to dismiss.

On March 29, 2018, the Second Circuit vacated the dismissal of Plaintiffs' operative complaint.  This Court issued its Order shortly thereafter, directing the parties to meet and confer by April 10 concerning what scheduling order should govern further proceedings.  Order 1.  The Court further ordered as follows:

> By April 16, 2018, the parties shall file a Joint Scheduling Order with a Ready Trial Date of June 29, 2018, and a joint Discovery Schedule.  Because of the age of the case, no adjournments will be granted.
>
> All discovery, including expert discovery, shall be initiated soon enough to be completed by May 11, 2018, and any objections to discovery must be made soon enough to be fully briefed by May 18, 2018.  Motions *in limine* shall be fully briefed by May 25, 2018.

*Id.*  The parties met and conferred by phone on April 6.

**Discussion.**  The parties certainly appreciate the Court's intent to proceed expeditiously and are fully prepared to do so.  But the dates above, respectfully, are a practical impossibility in light of the status and complexity of this case.  *First*, this is a putative class action and no discovery, fact or expert, has taken place.  The parties cannot practically complete all discovery in one month.  For example, even if document requests were served today, the Federal Rules provide parties with a default rule of 30 days to respond and object, Fed. R. Civ. P. 34(b)(A), and production in a complex case normally takes much longer.  Moreover, fact discovery in this case will likely be time consuming and complex, as Plaintiffs have indicated, for example, that they intend to seek to analyze millions of trading records as well as e-mails and other electronic

WILMERHALE

Honorable Kimba M. Wood
April 11, 2018
Page 3

communications. The case will also require the depositions of the parties, many of whom live and work in South Korea. With respect, discovery of this scope cannot be completed in the time set by the Court's Order.

As for the ready trial date less than three months away (June 29), in addition to the discovery described above—as well as the preparation of expert reports and expert rebuttal reports—the parties submit that certain procedural stages, which could materially affect any trial and are required by the Federal Rules, should come before that. Specifically, these pre-trial stages include class certification briefing and, should certification be granted, notice to the class with an opportunity to opt out; and motions for summary judgment.

*Second*, jurisdiction over this case currently remains in the Second Circuit. The Second Circuit has not yet issued its mandate, and Defendants intend to file a petition for rehearing by April 12, 2018, the deadline to do so under the Federal Rules. Accordingly, the Second Circuit's mandate will not issue until at least seven days after the resolution of Defendants' petition. Fed. R. App. P. 41(b).

**Conclusion.** For the foregoing reasons, the parties request that the Court defer the April 16 deadline to submit a joint scheduling order and instead schedule a status conference. The parties suggest that such a conference be scheduled after the Second Circuit's mandate issues, but of course are available to appear before then, by phone or in person, should the Court prefer to proceed in that manner.

WILMERHALE

Honorable Kimba M. Wood
April 11, 2018
Page 4

Respectfully submitted,


 /s/ Matthew T. Martens
  Matthew T. Martens
  *Counsel for Defendants*



cc: J. Douglas Richards
    Michael Eisenkraft
    Richard Speirs
    COHEN MILSTEIN SELLERS & TOLL PLLC
    88 Pine Street, 14th Floor
    New York, NY  10005

    Times Wang
    COHEN MILSTEIN SELLERS & TOLL PLLC
    1100 New York Avenue, NW, Suite 500
    Washington, DC  20005

    YoungKi Rhee
    WE THE PEOPLE LAW GROUP
    15F The Salvation Army Building
    476 Chungjeongro 3-Ka
    Seodaemun-Ku, Seoul 120-837, Korea
    *Counsel for Plaintiffs and the Proposed Class*