# COHENMILSTEIN

Michael Eisenkraft
(212) 838-0177
meisenkraft@cohenmilstein.com

September 10, 2018

*Via ECF*
The Honorable Kimba M. Wood
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Choi et al. v. Tower et al.*, No. 14-cv-9912-KMW (S.D.N.Y.) –
               Letter Motion Seeking Informal Conference

Dear Judge Wood:

      I write on Plaintiffs' behalf to seek an informal conference regarding three discovery disputes, about which the parties have unsuccessfully conferred at length. ***First***, whether Defendants should collect documents for the period between January 1, 2011 and December 31, 2013 (Plaintiffs' proposal), or whether their collection should be limited to the period between October 30, 2011 and March 31, 2013 (Defendants' proposal). ***Second***, whether Tower should produce Source Code from the Class Period alone (Defendants' proposal), or also from a three-month period before and after the Class Period, *i.e.*, from between October 30, 2011 to December 31, 2011, and January 1, 2013 and March 31, 2013 (Plaintiffs' proposal). ***Third***, whether Defendants should produce Defendant Tower's financial statements and documents related to Defendant Mark Gorton's compensation. Plaintiffs' requests should be granted because they each seek information indisputably relevant to Plaintiffs' claims. Defendants have objected on relevance, disproportionality, and burdensomeness grounds, but their objections are meritless.

      ***Time Period for Collection.*** Plaintiffs request that, in collecting documents from agreed upon custodians, Defendants use a period of January 1, 2011 to December 31, 2013, which encompasses the year before and the year after the Class Period, for a total of three years. Given

COHENMILSTEIN

September 10, 2018
Page 2

that case law supports "a presumptive five-year discovery period," *In re New Century*, No. 07-cv-0931, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009) (citing *Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000)), and given that courts permit discovery "before and after the period of actual liability so as to provide context" to the defendants' behavior, *id.*, this is plainly within Rule 26's temporal scope. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (documents from "thirteen months after the GT Class Period ended and eleven months after GT announced its change in accounting policy" relevant because it "refer[ed] to the failure of software developers to meet their contractual obligations during the GT Class Periods.").[1] All of these documents are presumably maintained electronically and can be searched with search terms, minimizing the collection burden on Tower—a sophisticated high-frequency trading firm that presumably maintains electronic records in an accessible way.

***Certain Source Code.*** Tower's Source Code as it existed before and after the Class Period is relevant for multiple reasons. Conduct outside the Class Period can help establish the intent element of Plaintiffs' CEA claims. *E.g.*, *Ploss v. Kraft Foods Grp., Inc.*, 197 F. Supp. 3d 1037, 1058-59 (N.D. Ill. 2016) (CEA case involving manipulation of the wheat market relying on conduct from outside class period to find intent adequately alleged). Source Code from outside the Class Period can also provide evidence probative of Defendants' intent if they added abusive, "spoofing" related Source Code during development stages prior to the Class Period or removed such Source Code after improper trading activities were uncovered. Such modifications

---

[1] During the meet-and-confer process, Defendants initially stated they would only collect documents for the period from October 30, 2011 to March 31, 2013, because that was the period covered by Plaintiffs' document requests. But that is not true—Plaintiffs' requests explicitly "include[d] items concerning such period or events occurring or projected to occur in such period, *even if the items were prepared, published, or dated before or after that period*."

COHENMILSTEIN

September 10, 2018
Page 3

most likely occurred outside the period in which Defendants seek to limit production. Changes in Source Code could also be relevant to causation and damages. Price movements that coincide with particular behaviors have been held sufficient to allege causation. *See In re Platinum and Palladium Antitrust Litig.*, No. 14-cv-9391, 2017 WL 1169626, at *33 (S.D.N.Y. Mar. 28, 2017) ("predictable price movements" occurring around defendant's behavior demonstrates causation). Source Code alterations that directly coincide with the onset or cessation of futures price changes could provide significant evidence of causation. And, given that this request is limited to just the three months before and after the Class Period, it is not disproportionate or overly burdensome.

**Tower and Gorton's Finances.** Discovery of Defendant Tower's financial statements, as well as of Defendant Gorton's compensation, is relevant to show that they were "enriched at [Plaintiffs'] expense," as required for Plaintiffs' unjust enrichment claim. *Golden Pac. Bancorp v. FDIC*, 375 F.3d 196, 203 n. 8 (2d Cir. 2004). They are also relevant to demonstrating motive and intent to engage in manipulative trading, if, for example, they reveal that Defendant Tower or Defendant Gorton were under financial pressure, or if they show that Defendant Tower or Defendant Gorton profited from the manipulation.[2]

                                                                                      Respectfully submitted,

                                                                                      */s/ Michael Eisenkraft*
                                                                                      Michael Eisenkraft

Cc: Counsel of Record (via ECF)

---

[2] *E.g.*, *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (GBD), 2014 WL 1280464, at *5 (S.D.N.Y. Mar. 28, 2014) (in CEA case motive can be shown where "compensation [is] tied to success in trading financial products"); *In re Amaranth Nat. Gas Commodities Litig.*, 587 F.Supp.2d 513, 530 (S.D.N.Y. 2008) (in CEA case "concrete benefits" can evidence motive and intent); *Ploss*, 197 F. Supp. 3d at 1059 (in Commodity Exchange Act case evidence that defendants "financially benefited" can indicate motive).