USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MYUN-UK CHOI, JIN-HO JUNG, SUNG-HUN
JUNG, SUNG-HEE LEE, and KYUNG SUB LEE,
Individually and on Behalf of All Others Similarly
Situated,

                Plaintiffs,

    v.

TOWER RESEARCH CAPITAL LLC and
MARK GORTON,

                Defendants.
-----------------------------------------------------------------X

14-CV-9912 (KMW)
**OPINION AND ORDER**

KIMBA M. WOOD, District Judge:

    Plaintiffs are members of a putative class comprised of parties who transacted in certain Korean futures contracts on a Korean securities exchange in 2012. Plaintiffs allege that Tower Research Capital LLC and its CEO, Mark Gorton (collectively, "Defendants"), used fictitious trades and other deceptive techniques to manipulate the prices at which these futures contracts traded on the Chicago Mercantile Exchange Globex Platform, a trading platform used by the Korean exchange. Plaintiffs assert that this conduct violates the Commodity Exchange Act, 7 U.S.C. §§ 1, et seq., as well as state law.

    Currently before the Court are Plaintiffs' objections to Magistrate Judge Gabriel Gorenstein's Order quashing the deposition of Defendant Gorton. For the reasons set forth below, Judge Gorenstein's Order is AFFIRMED.

## BACKGROUND

    The Court referred this case to Judge Gorenstein for general pretrial and dispositive motion purposes. (ECF No. 89.) On May 24, 2019, Plaintiffs noticed Gorton's deposition. In

1

response, Defendants requested a conference with Judge Gorenstein and a protective order preventing the deposition. (Defs.' June 5 Letter, ECF No. 142.) Gorton submitted a sworn declaration in connection with that request, attesting that he "ha[d] no involvement in, or knowledge of, the trading alleged in Plaintiffs' complaint," and he was "not involved in any Tower team's trading activity." (*Id.* at Ex. A, Gorton Decl. ¶¶ 4-5.) Plaintiffs countered that Defendants could not meet their heavy burden of demonstrating that Gorton had "nothing to contribute" to the discovery process. (Defs.' June 10 Letter at 4, ECF No. 143.)

Judge Gorenstein held a hearing on June 19, 2019. He directed Plaintiffs to take a Fed. R. Civ. P. 30(b)(6) deposition of the company; if there arose "any reason to believe that [Gorton] had any information related to any claim or defense in this case," Judge Gorenstein would "be happy to hear from [Plaintiffs] again." (Hr'g Tr. at 13:14-16, ECF No. 150.) He explained, "it's a Rule 26 proportionality burden issue, and there has to be some reason to believe that whoever is involved has information that's relevant to a claim or defense." (*Id.* at 12:5-7.)

Plaintiffs took two 30(b)(6) depositions, one for each of the trading teams at issue, and then submitted a letter renewing their intent to take Gorton's deposition. (Pls.' August 6 Letter, ECF No. 161.) Following a second round of letter briefing, Judge Gorenstein issued an Order on August 28, 2019, granting Defendants' request for a protective order. (Gorenstein Order, ECF No. 164.) Plaintiffs' timely objections under Federal Rule of Civil Procedure Rule 72(a) followed. (Pls.' Objections, ECF No. 171.)

## DISCUSSION

The Court reviews Judge Gorenstein's Order quashing Gorton's deposition under a highly deferential standard. The Order may be modified or set aside only if it is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). To reject a finding of fact as clearly

2

erroneous, a court must be "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A ruling is contrary to law when it fails to apply or misapplies relevant statutes, precedent, or procedural rules. *See Moore v. Publicis Groupe SA,* No. 11-CV-1279, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012) (Carter Jr., J.). This Rule 72(a) standard affords magistrate judges "broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Derthick v. Bassett-Walker Inc.*, No. 90-CV-3845, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992) (Cannella, J.).

Under review here is an "extraordinary" form of relief: an order barring a party from taking a deposition. *Speadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997) (Kaplan, J.). The party seeking such an order "bears the burden of proving that the proposed deponent has nothing to contribute." *Id.*

Although "it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition," *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) (Kaplan, J.), senior corporate executives enjoy "an addition layer of protection" from the intrusion of depositions, *Alex & Ani, Inc. v. MOA Intern. Corp.*, No. 10-CV-4590, 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011) (Wood, J.). Undergirding this protective principle, sometimes known as the "apex doctrine," is Rule 26(b)(2), which limits discovery that is unreasonably cumulative or duplicative or is obtainable from a "more convenient, less burdensome, or less expensive" source. Fed. R. Civ. P. 26(b)(2); *see also Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 82-83 (S.D.N.Y. 2002) (Gorenstein, M.J.) (noting that courts have granted protective orders for executives where the party seeking the deposition had "not yet attempted to obtain information from lower level executives; where high-level

executives plainly had no knowledge of the facts; or where the deposition was solely sought to harass the executive" (citations omitted)).

The mere "fact that the [executive] has a busy schedule" or disclaims unique knowledge of relevant facts, however, "is simply not a basis for foreclosing otherwise proper discovery." *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y.1984) (Dolinger, M.J.). An assertion that the witness lacks knowledge is subject to testing by the examining party. *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92-CV-4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (Francis, M.J.).

Here, Plaintiffs contend that they have not been afforded the opportunity to test Gorton's professed lack of knowledge and that they are entitled to depose him for that purpose. The Court notes that Judge Gorenstein did not merely take Gorton at his word that he lacked knowledge. Judge Gorenstein issued his Order after receiving two rounds of letter briefing, holding a hearing, and directing Plaintiffs to conduct 30(b)(6) depositions. Ultimately, he concluded that Plaintiffs had "not come forward with any evidence that Gorton has knowledge of any of the claims or defenses in this case—or information that could not easily have been obtained through other discovery . . . " (Gorenstein Order at 2.)

Plaintiffs also argue that Judge Gorenstein, in making this assessment, improperly assigned Plaintiffs the burden of producing evidence of Gorton's relevant knowledge. Judge Gorenstein's Order, however, does not obviously or necessarily turn on any allocation of burden. Judge Gorenstein's view that Plaintiffs "have not come forward with any evidence" to support deposing Gorton can be read as an observation about Plaintiffs' oral and written submissions, rather than as a dispositive finding.

Finally, Plaintiffs argue that Judge Gorenstein's Order fails to make the required finding of "good cause" to quash Gorton's deposition and that apex-doctrine principles do not apply to Gorton because he is a named defendant. These arguments intersect. "Good cause" inheres in the apex doctrine. And an exception to that doctrine for named defendants likely would be inconsistent with its aim of thwarting harassment. Plaintiffs note a dearth of precedent applying the apex doctrine to named defendants. An apparent paucity of case law, however, does not establish the exception Plaintiffs advance such that Judge Gorenstein's failure to apply it warrants reversal under Rule 72(a).

## CONCLUSION

For the reasons stated above, Judge Gorenstein's Order of August 28, 2019 preventing Gorton's deposition was not clearly erroneous or contrary to law. The Order is AFFIRMED.

SO ORDERED.

Dated: New York, New York
November 22, 2019

_/s/ Kimba M. Wood_
KIMBA M. WOOD
United States District Judge