UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MYUN-UK CHOI, JIN-HO JUNG, SUNG-HUN JUNG, SUNG-HEE LEE, and KYUNG SUB LEE, Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

   v.

TOWER RESEARCH CAPITAL LLC and MARK GORTON,

        Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 11, 2020

14-CV-9912 (KMW)
**OPINION AND ORDER**

KIMBA M. WOOD, District Judge:

Currently before this Court is Plaintiffs' unopposed motion for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims under the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1, *et seq*. For the reasons set forth below, Plaintiffs' motion is GRANTED.

## I. BACKGROUND

Plaintiffs are members of a putative class comprised of parties who traded certain Korea Exchange futures contracts in 2012. Plaintiffs allege that Tower Research Capital LLC ("Tower") and its Chief Executive Officer, Mark Gorton (collectively, "Defendants"), used fictitious trades and other deceptive techniques to manipulate the prices at which these futures contracts traded on the Korea Exchange during overnight trading sessions using the Chicago Mercantile Exchange's ("CME") Globex Platform ("Globex"), in violation of the CEA and New York State's prohibition on unjust enrichment.

1

On August 1, 2019, Defendants moved for judgment on the pleadings or, alternatively, summary judgment, on Plaintiffs' CEA claims.  (ECF No. 155.)  On December 17, 2019, Magistrate Judge Gabriel Gorenstein issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion for partial summary judgment. (ECF No. 203.)  On March 30, 2020, the Court adopted the R&R and granted Defendants' motion for summary judgment on Plaintiffs' CEA claims.  (ECF No. 234.)

## II.     DISCUSSION

Under Rule 54 of the Federal Rules of Civil Procedure, a district court may direct entry of a final judgment on one or a subset of claims if three conditions are satisfied: (1) there are multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) there is no just reason for delay.  Fed. R. Civ. P. 54(b); *see, e.g.*, *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F. 3d 135, 140 (2d Cir. 2014).  The first two requirements simply establish that Rule 54(b) applies to the circumstances of a given case.  *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1091 (2d Cir. 1992).  Thereafter, the court's decision is discretionary.  *Id.* at 1092.  In considering whether there is any just reason to delay the entry of partial final judgment, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'"  *Id.* at 1095 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  Factors relevant to judicial administrative interests include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no

appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

The present case involves multiple claims.  Specifically, plaintiffs sued claiming that defendants engaged in unlawful market manipulation under the Commodity Exchange Act, and claiming that defendants were unjustly enriched in violation of New York common law. (Second Amended Complaint, ¶¶ 13-14; 75-91, ECF No. 132.)  The Court's grant of summary judgment with respect to the former resolved the litigation of that claim on the merits.  *Ginett*, 962 F.2d at 1092.  The decision on that claim is final.  *Id.*  Thus, the first two requirements for a grant of partial final judgment are met—that there be multiple claims, and that one has been finally determined.

The third condition is also satisfied: there is no just reason for delay.  Plaintiffs' CEA claim and unjust enrichment claim are separable.  Whether KOSPI 200 futures contracts traded on the CME Globex were subject to the CME rules is a question unique to the CEA.  Whether defendants' trading resulted in unjust enrichment under state law is an independent legal issue. Entering final judgment with respect to the CEA claim creates no risk that the Second Circuit will need to take up the question of the applicability of the CME rules a second time.

In addition, certifying a partial final judgment serves equitable interests.  The Court's grant of summary judgment on the CEA claim fully extinguishes the claims of one of the named plaintiffs and those members of the putative class who did not transact directly in KOSPI 200 futures contracts with Tower.  (*See* Rule 54(b) Motion at 9, ECF No. 245-1.)  Requiring these plaintiffs, who have no live claims, to await the final resolution of the unjust enrichment claim before bringing an appeal would work an unnecessary hardship.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' unopposed motion under Rule 54(b) and respectfully directs the Clerk of the Court to enter final judgment as to Plaintiffs' CEA claim.

SO ORDERED.

Dated: New York, New York
May 11, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge